In the Matter of the Application of the County Collector, etc.
Petition of William B. Levy, Trustee, for a Tax Deed.
Sonia Zeve, Petitioner-Appellant, v. William B. Levy, Trustee, Respondent-Appellee.

Gen. No. 50,426.

First District, First Division.

June 13, 1966.

Rehearing denied September 8, 1966.

John A. Doyle and Gerald M. Chapman, of Chicago, for appellant.

Allan L. Blair, of Chicago (Allan L. Blair and Bruce M. Buyer, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This appeal has been brought by Mrs. Sonia Zeve from an order of the trial court dismissing her petition to set aside a tax deed for premises at 4638 Cortland Street in Chicago. In her petition, brought under § 72 of the Civil Practice Act (Ill Rev Stats, c 110, § 72, 1963), she alleged that diligent inquiry had not been made by respondent to find all persons interested in the property, and that a process server, who was an agent of the respondent, had made fraudulent representations to the trial court in procuring the tax deed. At the close of petitioner's case at the hearing on the § 72 petition, the court granted respondent's motion for a directed ruling in his favor, specifically finding that there had been no fraud in the procurement of the tax deed, and this appeal followed.

Sonia Zeve and her husband, Charles Zeve, were the record owners of the subject property until Mr. Zeve's death in 1958. In 1959, Mrs. Zeve contracted to sell the property to Mr. and Mrs. Glenn Pettit, and in December

of 1959 moved to 5404 W. School Street in Chicago, where she still resides. In 1959, Mrs. Zeve paid the real estate taxes on the property for the year 1958; and in 1960, the Pettits paid the taxes for 1959. The taxes for 1960, however, were not paid by either, with the result that the property was sold for nonpayment of general real estate taxes on March 20, 1962, to the respondent's predecessor in interest for $72.37. The redemption period on the property, after an extension, was to expire on October 19, 1964.

On June 4, 1964, respondent's predecessor in interest applied for a tax deed to the premises. At the ex parte hearing on this application, Ben Shapiro, a professional process server employed by the respondent, testified on behalf of the respondent and filed an affidavit. In his testimony and affidavit, Shapiro represented that the subject property was "improved with a one and a half story frame building with siding, a two-family residence"; that Richard Pettit was living on the first floor and Glenn Pettit, the contract purchaser, on the second floor, and that there were no other occupants of the building. He further stated that on June 8, 1964, he had visited the premises and had personally served notice of the action to obtain a tax deed upon both Richard and Glenn Pettit, and that he had advised each of the contents thereof. He stated that he had inquired of Glenn Pettit as to the whereabouts of the Zeves, and was told by him that the Zeves lived somewhere in San Bernardino, California, but that Glenn Pettit refused to give him any other information. Shapiro swore that he had made diligent search and inquiry to ascertain the whereabouts of all persons interested in the premises. The Zeves were served by publication in the Chicago Daily Law Bulletin in June of 1964, and on October 26, 1964, the court entered an order to issue a tax deed.

In December of 1964, Mrs. Zeve filed her petition under § 72 of the Civil Practice Act to set aside the order

299

to issue the tax deed, alleging that she first heard about the action on November 28, 1964, when Glenn Pettit forwarded to her a letter from the respondent informing Pettit that title had been transferred to the respondent and that further payments were to be made to him. She further alleged that ever since she moved from the subject property, she had resided at 5404 W. School Street in Chicago; and that at all material times there were but two listings in the Chicago telephone directory under the name Zeve, one of which was for her son, Charles L. Zeve. She further alleged that Shapiro's representation in his affidavit that he had used due diligence to find interested persons was either negligently or intentionally false and constituted fraud.

In his answer, respondent denied the allegation that Shapiro had not made diligent inquiry, and stated that whether or not he had done so could not be relitigated in a collateral attack. Respondent further alleged that notices of the action had been mailed to the petitioner at her last known address, the subject property. As an affirmative defense, respondent alleged that petitioner had filed an action against Glenn Pettit for $15,000, for wrongfully informing Shapiro that Mrs. Zeve had moved to California, and that therefore it was impossible for Mrs. Zeve to claim in this case that respondent had committed a fraud upon her.

At the hearing on the § 72 petition, Alvie Pettit, who was the father of Glenn Pettit and who, with his wife, resided on the second floor of the building on the subject property, testified for the petitioner that he talked to Shapiro in June of 1964 at the subject premises, and told him that he and his wife were the only ones at home. Alvie Pettit said he told Shapiro, in response to his questions, that Glenn Pettit, his son, was the contract purchaser of the premises, and that he was making payments on the property. He said that he told

Shapiro, after the latter identified himself as "a tax man," that Mrs. Zeve was in California. He testified that he had made up that story himself to get rid of bill collectors.

Glenn Pettit, called by the petitioner, testified that under his contract to purchase the property, he was obliged to pay the real estate taxes. He stated that he had never had a conversation with Shapiro. He testified that Richard Pettit was his nineteen-year-old son and that Mrs. Zeve had never told him to tell anyone that she was in California. Respondent then introduced into evidence a tape recording of a conversation between Glenn Pettit and counsel for the respondent, which had occurred at the office of the latter over a month earlier. In that conversation, Glenn Pettit stated: "You see, she told us, she said if there is anybody that comes here, she says to tell them I am in California, I am here, there, anywhere, so that everyone who come around over the few years we lived there we never gave them the address and we just told them she moved to California; . . ."

Mrs. Zeve testified in her own behalf that she had resided at 5404 W. School Street in Chicago ever since leaving the subject premises in 1959, and that she had received no notice of the tax deed proceedings before November 28, 1964. She stated that the Pettits had been making payments to her at her new address, and that it was also the Pettits' obligation under the contract of sale to pay the real estate taxes. On cross-examination, she stated that she had paid the real estate taxes for the year 1958 in 1959, and that the Pettits had paid the real estate taxes for the year 1959. She testified that she had never told anyone to tell persons that she was in California.

At the close of petitioner's testimony, she rested her case. Respondent then moved for a directed finding,

301

which was granted by the trial judge, who specifically found that there had been no fraud in the procurement of the tax deed. This appeal followed.

Section 263 of the Revenue Act (Ill Rev Stats, c 120, § 744, 1963) sets forth the notice requirements for the validity of a tax deed resulting from a sale of property for nonpayment of real estate taxes. Under the provisions of that section, the mailing of notice to the Zeves at the subject property, and the notice served upon them by publication, could only entitle the respondent to a tax deed if he had made diligent inquiry, but had been unable to locate the Zeves within the county. Shapiro stated in his affidavit in support of the application for a tax deed that he had made such diligent inquiry. Petitioner claims that Shapiro's inquiry did not qualify as "diligent," and that Shapiro's assertion to the contrary constituted fraud such as would require the court, on a § 72 petition, to set aside the order for the issuance of the deed.

In Shockley v. Good, 13 Ill2d 298, 148 NE2d 763, our Supreme Court upheld an order setting aside a tax deed on the grounds that the order was fraudulently obtained. There, as here, the petitioner alleged that the party claiming under the tax deed had failed to make diligent inquiry, and had fraudulently represented to the court in an affidavit that such inquiry had been made. The Supreme Court stated, "Diligent inquiry has been defined as 'such inquiry as a diligent man, intent upon ascertaining a fact, would usually and ordinarily make,—inquiry with diligence and in good faith to ascertain the truth.' (VanMatre v. Sankey, 148 Ill 536, 562, 36 NE 628.) The inquiry must be as full as the circumstances of the particular situation will permit, (Graham v. O'Connor, 350 Ill 36, 41, 182 NE 764) and it may not be limited to the county in which the land is located." 13 Ill2d at 302, 303.

302

In Graham v. O'Connor, 350 Ill 36, 182 NE 764, the court discussed the meaning of the phrases "due inquiry" and "diligent inquiry," as used in statutes conveying jurisdiction on the basis of publication: "The phrases 'due inquiry' and 'diligent inquiry' in that statute are not intended as useless phrases, but are put there for a purpose. Those two phrases have a well-understood meaning that cannot be reconciled with the taking of a chance or guessing that the names and addresses of unknown parties cannot be ascertained. A perfunctory inquiry does not comply with the provisions of the statute. An honest and well-directed effort must be made to ascertain the names and addresses of unknown parties. The inquiry must be as full as the circumstances of the particular situation will permit. . . . It is clear that the defendant fell far short of making the 'due inquiry' and 'diligent inquiry' required by the statute. Consequently her affidavits did not speak the truth." (350 Ill at 40, 41).

■ ■   We conclude that the inquiry made by the respondent in this case into the whereabouts of Mrs. Zeve similarly fell far short of qualifying as "diligent," as that term is used in § 263 of the Revenue Act. Mrs. Zeve has resided at one address, 5404 W. School Street in Chicago, ever since 1959. At all material times, there was a listing in the Chicago telephone directory under the name "Charles L. Zeve," which is the same name as the petitioner's deceased husband, and who is in fact her son. A casual look in the telephone directory would have led the respondent to Mrs. Zeve. Furthermore, it appears from the record that Shapiro, on behalf of respondent, talked only to Alvie Pettit, the father of Glenn Pettit, the contract purchaser of the premises. According to Alvie Pettit's testimony, he informed Shapiro that his son was a contract purchaser, and was making payments to Mrs. Zeve. Her new address was therefore

known to Glenn Pettit, but the record does not reveal any effort on the part of respondent to discover it. The omission to serve notice upon Mrs. Zeve was a consequence of respondent's failure to make diligent inquiry as to her whereabouts, and denied her an opportunity to redeem her property after the tax sale. Respondent's representation that diligent inquiry had been made constituted a fraud upon the court which issued the tax deed, thereby rendering the deed void. Shockley v. Good, 13 Ill2d 298, 148 NE2d 763. See also Dahlke v. Hawthorn, Lane & Co., 67 Ill App2d 44, 214 NE2d 568.

■ We find no merit in respondent's contention that petitioner is estopped from alleging fraud by virtue of her suit against the Pettits for wrongfully informing Shapiro that petitioner was in California. Respondent's failure to make diligent inquiry arises from the fact that he did not take other steps to determine petitioner's whereabouts.

In Village of Dolton v. First Nat. Bank of Blue Island, 12 Ill2d 435, 147 NE2d 62, the owner of a tract of real estate for which a tax deed had been issued, without actual notice to him, petitioned to have the deed set aside on the grounds that diligent inquiry as to his whereabouts had not been made. The trial court denied the petition, and the Supreme Court affirmed, holding that while the inquiry must be as full as the particular situation will admit, the failure to uncover a particular fact does not, in and of itself, indicate a lack of diligent inquiry. But the court went on to point out that in that case the owner of the property had actively sought to conceal her ownership and her home address; and that there had been no showing "that an honest effort was not made by affiant to locate the appellant or that fraud was committed upon the court." 12 Ill2d at 440, 441. These circumstances distinguish that case from the one at bar.

The order of the Circuit Court is therefore reversed, and the cause remanded with directions to vacate the issuance of the tax deed and remove it as a cloud upon the title of petitioner, upon the reimbursement to respondent for the taxes for 1960, and any subsequent taxes paid, as well as interest and costs.

Order reversed, and cause remanded with directions.

KLUCZYNSKI, P. J. and MURPHY, J., concur.