Charles L. DOUE, Appellant,

v.

The CITY OF TEXARKANA, Texas; The Texarkana, Texas Independent School District; The Texarkana Community College; Bowie County, Texas; and, Jerry A. Rochelle, Trustee, Appellees.

No. 9592.

Court of Appeals of Texas, Texarkana.

May 3, 1988.

On Rehearing July 19, 1988.

Rehearing Denied Sept. 7, 1988.

Raymond D. Anderson, Keeney, Anderson, Miller, James & Tate, Texarkana, for Doue.

Harvey Allen, McCreary, Veselka, Beck & Allen, Austin, for appellees City of Texarkana, Texas Independent School Dist., Texarkana Community College and Bowie County.

Jerry A. Rochelle, Lavender, Rochelle, Barnette & Arnold, Texarkana, for appellee Rochelle.

PER CURIAM.

Charles Doue appeals the trial court's judgment denying his petition for bill of review. Doue resides in California and owns two lots in the City of Texarkana. The City of Texarkana, Texarkana Community College, Texarkana Independent School District, Bowie County and Jerry Rochelle, Trustee, were named defendants in the petition for bill of review. The critical issue before us concerns whether the service of process in the initial suit for back taxes was proper. We determine that the initial service of process was not proper, and that therefore Doue was not required to carry the burdens usually required in a bill of review proceeding, and we reverse the trial court's judgment.

On September 13, 1983, the taxing units filed a lawsuit to foreclose a tax lien on the subject property. Doue owed taxes for the years 1975 through 1982. The attorney for the taxing units, Jack McCreary, filed an affidavit for citation by publication, and Doue was subsequently served citation by publication in the *Texarkana Gazette.* Doue had no personal notice of the lawsuit. The trial court appointed an attorney ad litem for Doue and entered a judgment of foreclosure on June 29, 1984. On December 4, 1984, the property was sold to Rochelle.

Doue paid the county taxes on the property both before and after the foreclosure lawsuit, but did not pay the city, school and college taxes, except for the year 1986, when the bill from the newly-formed Bowie County Appraisal District included taxes owed to all the taxing entities.

On March 2, 1987, Rochelle filed a trespass to try title suit against Doue. Doue answered with a general denial and filed a petition for bill of review to set aside the tax foreclosure judgment and sale. The trial court consolidated the two proceedings for trial, found that Doue failed to prove that he was not negligent, and consequently denied the bill of review and refused all relief.

Doue claims that the trial court erred in denying his petition for bill of review. Texas courts have consistently held that, to be entitled to a new trial on an equitable bill of review, the petitioner must allege and prove that: (1) he has a meritorious defense to the cause of action supporting the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposing party, (3) unmixed with any fault or negligence of his own. *Transworld Financial Services v. Briscoe,* 722 S.W.2d 407 (Tex.1987); *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979); *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974); *Gracey v. West,* 422 S.W.2d 913 (Tex.1968).

In his bill of review action, Doue alleged that the affidavit for citation by publication was false and that the uncontradicted evidence showed that the taxing units did not use reasonable diligence in attempting to locate him. When there exists a lack of diligence in determining the address or whereabouts of a defendant cited by publication, the judgment is voidable and should be set aside in a direct attack such as a bill of review proceeding. *Anderson v. Collum,* 514 S.W.2d 230 (Tex. 1974); *Commercial Credit Corporation v. Smith,* 143 Tex. 612, 187 S.W.2d 363 (1945). Furthermore, when a judgment is voidable because of improper or insufficient service of process, it should be set aside on proof of that fact, and the other requirements of a traditional bill of review do not apply. *Peralta v. Heights Medical Center, Inc.,* —— U.S. ——, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988).

Findings of fact and conclusions of law were not requested of nor made by the trial court, so we presume that it found that there was diligence and that the citation by publication was proper. If a finding of diligence is supported by no evidence or insufficient evidence, however, we are not bound by it. Doue has raised a no evidence or "matter of law" point on the issue of diligence.

We now turn to the evidence concerning the taxing authorities' use of diligence to locate Doue. The following documentary evidence is in the record:

(1) Tax statements and tax receipts from Bowie County Tax Assessor/Collector sent to Doue at his California address for each of the years 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, and 1986.

(2) Redemption certificates mailed by the Bowie County Tax Assessor/Collector to Doue at his California address for the years 1975, 1976, and 1977.

(3) Personal checks signed by Doue in payment of his state and county taxes for the years 1980, 1981, 1983, 1984, 1985, and 1986. All of these checks show his California address.

(4) Copy of a letter from the taxing units' law firm signed by McCreary to Doue at his California address demanding payment of delinquent state and county taxes, with a notation in ink at the bottom of the letter that the taxes were paid with check number 129 dated August 21, 1978.

(5) A notice of appraised value sent by the Bowie County Appraisal District on behalf of the county, city, school and college taxing districts to Doue at a former California street address for 1986 values.

Doue lived in California for several years before the tax suit was filed. During those years, he paid his Bowie county and Texas state taxes in response to bills or statements he received. He did not pay his city or school taxes because he received no statements for them.

At trial Doue also proved that the Bowie county tax office had his address, that they were represented by the same law firm that was representing the other taxing units in this case, and that they were never approached by that firm or its representative for an address for Doue. The taxing units put on no evidence to show any attempt at diligence in locating Doue's address. Attorney McCreary, who signed the affidavit for citation by publication, also wrote to Doue at his address in California concerning the 1977 delinquent state and county taxes and received Doue's check in payment of those taxes as noted on the copy of his letter.

In light of this uncontradicted evidence that Doue's address was known to the Bowie county tax office and to the same lawyer representing the taxing units in this suit, we conclude that the trial court's presumed finding of diligence is supported by no evidence and that the tax judgment and the tax sale should be set aside. *Peralta v. Heights Medical Center, Inc., supra.* And, because of this conclusion, the other points raised on this appeal are immaterial.

The judgment of the trial court denying the relief sought by way of bill of review is reversed, the tax sale and judgment directing foreclosure is set aside, and the causes are remanded to the trial court for proceedings in conformity with this decision.

## ON MOTION FOR REHEARING

The trial court sustained appellees' motion for judgment at the close of Doue's evidence based on the insufficiency of that evidence, and without hearing any of appellees' evidence. Since we have found that Doue's evidence was sufficient to sustain his right to a bill of review, and since appellees had no opportunity to produce their own evidence contradicting Doue's evidence, they argue in their motions for rehearing that we should remand the case for trial on the bill of review, rather than rendering judgment that the tax judgment and tax sale be set aside.

We agree with this contention. We grant the motions for rehearing in part, and modify our judgment to reverse the judgment in Cause No. 87–C–699–102 denying the bill of review, and in the interest of justice we remand the cause to the trial court for trial of the bill of review action, consistent with this Court's opinion, and limited to the issue of appellees' diligence in ascertaining Doue's address for purposes of citation.

It is so ordered.