**INA OF TEXAS, Petitioner,**

v.

**Billy Eugene BRISCOE, Respondent.**

No. C-9028.

Supreme Court of Texas.

Nov. 29, 1989.

Rehearing Overruled Jan. 10, 1990.

Timothy A. Fjeldal Jeffery K. Work, Houston, for petitioner.

George Chandler, Lufkin, for respondent.

PER CURIAM

This is a workers' compensation case. Billy Eugene Briscoe was injured on the job on July 2, 1984, when a rock struck his left leg. Briscoe was taken to a hospital where he was treated and released that same day. Briscoe returned to work after July 4 and continued to work until September. Shortly thereafter, Briscoe sought medical attention for a herniated disk in his back. Briscoe brought this suit, alleging that the injured back was caused by the accident on July 2, 1984 and that the injury to his back has left him totally or partially incapacitated.

Although the jury found that Briscoe suffered an injury, it answered "no" to questions asking whether the injury was a producing cause of total or partial incapacity. Based on this verdict, the trial court rendered a take nothing judgment against Briscoe.

In an unpublished opinion, the court of appeals reversed and remanded, holding that the jury findings on producing cause were against the great weight and preponderance of the evidence. The court of appeals addressed this point by summarily stating:

> [T]here is no dispute he sustained some disability, albeit minor. All of the medical evidence attributed some disability to the injury. We therefore sustain this point of error....

These conclusory statements do not ·comport with the correct legal standard for reviewing factual sufficiency points of error. When reversing a trial court's judgment after concluding the supporting evidence is insufficient, the court of appeals must detail the relevant evidence and clearly state why the evidence is factually insufficient. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *see also Sosa v. City of Balch Springs*, 772 S.W.2d 71, 72 (Tex.1989). The court should state in what regard the contrary evidence greatly outweighs the evidence supporting the jury's verdict. *Id.*

The court of appeals did not apply the *Pool* standard of review. It has not

detailed the evidence nor has it stated why the contrary evidence greatly outweighs the supporting evidence. A majority of this court, without hearing oral argument, reverses the judgment of the court of appeals and remands this cause to that court for further consideration of the factual sufficiency point of error. Tex.R.App.P. 133(b).