Charles L. DOUE, Appellant,

v.

The CITY OF TEXARKANA, Texas; The Texarkana, Texas, Independent School District; The Texarkana Community College; Bowie County, Texas; and Jerry A. Rochelle, Trustee, Appellees.

No. 9741.

Court of Appeals of Texas, Texarkana.

Feb. 21, 1990.

Rehearing Denied March 20, 1990.

Raymond D. Anderson, Keeney, Anderson, Miller, James & Tate, Texarkana, for appellant.

Jerry A. Rochelle, Lavender, Rochelle, Barnette & Dickerson, Texarkana, Ark., pro se.

Harvey Allen, McCreary, Veselka, Beck & Allen, Austin, for other appellees.

CORNELIUS, Chief Justice.

Charles Doue again appeals from the trial court's judgment denying his petition for bill of review in which he sought to set aside a foreclosure judgment and sale of his real property for delinquent taxes. This appeal was previously before us in a similar posture. In that appeal, we sustained Doue's point of error and held that *no evidence* supported the trial court's finding that the taxing authorities used due diligence to locate Doue. Thus, we held that the judgment based on citation by publication could not stand. *Doue v. City of Texarkana,* 757 S.W.2d 801 (Tex.App.—Texarkana 1988, writ denied). Because the taxing authorities had no opportunity to produce evidence that they had used diligence in attempting to locate Doue, we reversed and remanded the cause to the trial court, limited to the issue of the taxing units' diligence in attempting to locate Doue.

The trial court held a hearing, limited to that single issue, and found that the taxing units had exercised diligence in attempting to ascertain Doue's address for purposes of obtaining citation by publication. This appeal turns on our resolution of Doue's complaint that the evidence does not support that finding.

Doue's Point of Error 2 states that the evidence presented by the taxing authorities does not support a finding of diligent inquiry. The point and the argument under it can reasonably be construed as urging a legal insufficiency contention.

Several witnesses testified about efforts to locate an address for Doue. Wayne Bouterse, the tax assessor-collector for the City of Texarkana, testified that his office had never had an address for Doue and that Doue had never furnished an address to the tax office. When preparation for the filing of the lawsuit began, Doue had not paid city taxes on the property for eight years, from 1975 through 1982, although he had paid his county taxes. Neither the current tax roll nor the delinquent tax rolls for the City of Texarkana had an address for Doue. Bouterse also explained that the Bowie County Appraisal District had attempted to locate Doue without success and that some of the mail sent to Doue by the appraisal district was returned by the postal service.

Harvey Allen, an attorney representing the taxing units, testified that he was con-

cerned about finding Doue's address and that this was expressed to Bouterse. Allen requested Bouterse to make the water department records available, which he examined. He also examined the telephone directory, the most recent city directory, and the tax rolls to determine if any other property was owned by Doue which might have a correct address. Also, Allen and Bouterse went to the property to determine whether there was a "for sale" sign or other evidence which might lead to an address for Doue. Additionally, the deed records were examined to see if any address might be found for Doue. Allen further stated that he examined the Bowie County tax roll and that it had an address on it which was noted to be an incorrect address. Allen testified that he had taken all of the investigative steps that were reasonable under the circumstances and that he had been diligent in attempting to ascertain Doue's location.

The crux of Doue's argument is that, notwithstanding the efforts made by the taxing units to locate him, his correct address was shown on the Bowie County tax records for the years 1979, 1980 and 1981. Further facts central to Doue's argument are that, although Allen checked the records in the Bowie County tax office for the year 1982, Doue paid his 1982 taxes on May 5, 1983. Thus, in September of 1983, when the tax suit was filed, the 1982 taxes had been paid and the Bowie County tax collector had a current and correct address for Doue.

In the first appeal of this case, we held that in view of certain undisputed evidence in the record there was *no evidence* of diligence in ascertaining the address of Doue. That evidence was:

(1) Tax statements and tax receipts from Bowie County tax assessor/collector sent to Doue at his correct California address for each of the years 1978, 1979, 1980, 1981, 1982, 1983, 1984, 1985, and 1986.

(2) Redemption certificates mailed by the Bowie County tax assessor/collector to Doue at his California address for the years 1975, 1976, and 1977.

(3) Personal checks signed by Doue in payment of his state and county taxes for the years 1980, 1981, 1982, 1983, 1984, 1985, and 1986. All of these checks show his correct California address.

(4) A letter from the *taxing units' law firm* signed by Jack McCreary (who signed the affidavit for citation by publication) to Doue at his correct address demanding payment of delinquent state and county taxes, with a notation in ink at the bottom of the letter that the taxes were paid with check number 129 dated August 21, 1978.

(5) A notice of appraised value sent by the Bowie County Appraisal District on behalf of the county, city, school and college taxing districts to Doue at a former California street address for 1986 values.

We remanded the case on the first appeal to give the taxing entities the opportunity to show, if they could, evidence *contradicting* the evidence we referred to. *See Doue v. City of Texarkana*, 757 S.W.2d at 803. The taxing entities did not do so.[1] Not one piece of that evidence has been controverted. All that the taxing entities did was to show other types of investigations which turned out to be ineffective.

In addition to the undisputed evidence outlined above, there was evidence at the second trial that Doue paid his 1982 county taxes in May of 1983, and that such payment, along with his correct address in California, were noted on the county tax records in June of 1983. The tax suit was filed in September of 1983, and the affidavit for citation by publication was dated in October of 1983. The tax attorney, Mr. Allen, acknowledged that Bowie County

---

1. Contrary to the statement in the dissenting opinion, we have not created a "contradicting evidence" standard. We merely point out that the taxing units have not contradicted the undisputed evidence outlined in our previous opinion, *which undisputed evidence, we held, showed lack of diligence as a matter of law.*

was his client and that he never inquired of the county tax collector about an address for Doue. In addition, the undisputed evidence showed, and the trial court found, as follows:

The Court further finds that if Harvey M. Allen had checked the County Tax Records for the years 1979, 1980 and 1981 that the address of Charles L. Doue was shown on these tax rolls; that the 1982 County Taxes were paid on May 25, 1983 and that a notation concerning the payment was added to the tax roll indicating such payment during the first half of June, 1983; that if Harvey M. Allen had asked the Bowie County Tax Collector to locate her Tax Receipt issued to Charles L. Doue for the 1982 taxes that she could have produced the Tax Receipt within thirty (30) minutes after receiving the request, which Receipt would have had the address of Charles L. Doue thereon. The Court further finds that the error for not having the address of Charles L. Doue on the tax roll for the year 1982 came about as a result of the creation of the Bowie County Appraisal District and the creation of new tax records, none of which were the fault of Charles L. Doue.

We conclude that a "search" under these undisputed circumstances is legally insufficient to show diligence. It is not that there is an *absence* of efforts, but that the *quality* of the efforts does not rise to the level of diligence.

■ At a minimum, constitutional due process requires that no person be deprived of property by any adjudication unless that adjudication is preceded by notice to the owner and a reasonable opportunity for an appropriate hearing. The notice must be reasonably calculated, under all the circumstances, to apprise the owner of the pendency of the action and afford him an oppor-

tunity to present his objections. More importantly, the notice or the substitute for notice must be such as one desirous of actually informing the owner might reasonably adopt to accomplish it. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ We are dealing here with a denial of due process—a failure to give notice to a person before depriving him of his property. The requirements for substituted service in such a case must be strictly observed. No amount of peripheral, irrelevant or ineffective investigations should be held sufficient in such cases when there admittedly are several sources, easily available and *even in the possession of the tax entities' attorney who made the affidavit*,[2] which on the slightest look would have revealed the owner's address. Perfunctory searches ignoring common sources which would likely reveal the owner's address are not sufficient to constitute diligent inquiry for the purposes of citation by publication. *See County Collector, et al. v. Levy*, 72 Ill.App.2d 297, 219 N.E.2d 763 (1966).

■ As a matter of law, diligence is not shown when the evidence establishes that the attorney for the taxing entities could have obtained the address from his own file or from a file available to him from one of the taxing entities that he represents.

■ As the taxing units have not contradicted any of the undisputed evidence outlined in our previous opinion and have shown no evidence that they investigated the easily available sources for Doue's address, the evidence is legally insufficient to show the required diligence. As the evidence is legally insufficient, it is also factually insufficient.

The judgment denying the relief sought by bill of review is reversed. Judgment is here rendered granting Doue's bill of re-

2. Contrary to the dissent's argument, the evidence conclusively showed that the attorney who made the affidavit for citation by publication wrote Doue at his correct address demand-ing payment for the taxes. If the attorney used the correct address, he obviously at some time had possession of that information.

view and setting aside the judgment of foreclosure and tax sale. *Anderson v. Collum*, 514 S.W.2d 230 (Tex.1974).

BLEIL, Justice, dissenting.

In our earlier decision, we reversed and remanded this cause for a new trial rather than render judgment because the taxing units had not been afforded the opportunity to present evidence tending to show their diligence to locate Doue's address. *Doue v. City of Texarkana*, 757 S.W.2d 801, 803 (Tex.App.—Texarkana 1988, writ denied). Upon remand, the trial court received a considerable amount of evidence regarding the extensive efforts to locate Doue and found that the taxing units made a diligent inquiry as to his whereabouts.[1] I conclude that the trial court's judgment is supported by sufficient evidence and would affirm that judgment.

On this appeal, Doue challenges the factual findings with this point of error: "The evidence presented by the Appellee does not support the trial court's finding of a 'diligent inquiry' for an address for the Appellant, as ordered by the honorable Court of Appeals."[2] Responding to this assigned error, the majority treats the point as maintaining that Doue is entitled to a judgment as a matter of law because the evidence is legally insufficient.

Once having framed a new issue, the majority, without reference to any legal standards applicable to the review of its "matter of law" point, breaks new legal ground. It sets up a novel "contradicting" evidence standard. (Majority at 476). Then it says that the legal issue is not really whether there is evidence showing diligence; rather, it says that the legal issue concerns the "quality" of the efforts made to locate Doue. (Majority at 477). Further perplexing are the majority's several suggestions that the taxing units' attorney had actually possessed Doue's correct address but failed to check his own file—this suggestion seems to have arisen in this Court's chambers—absent any evidence to support such a suggestion.[3] And

1. The trial court first noted the purpose of the remand, then made specific findings detailing the efforts to locate Doue shown by the evidence. The court specified in its judgment the following:

   1. This matter was remanded by the Court of Appeals for the Sixth Supreme Judicial District of Texas for the limited purpose of determining whether or not the Attorney for the Defendant Taxing Units made a "diligent inquiry" as to the whereabouts of Plaintiff, Charles L. Doue as required by Rule 117a of the Texas Rules of Civil Procedure prior to the citation by publication of the Plaintiff;
   2. The Court finds that the Attorney for the Defendant Taxing Units attempted to determine the whereabouts of Charles L. Doue by
      (a) checking the title records of a local title company;
      (b) searching the city directory;
      (c) checking the tax records to see if Charles L. Doue owned other real estate;
      (d) checking the list of customers of the Texarkana Water Utilities Department;
      (e) visually inspecting the subject real estate to determine if any "For Sale" signs were on the property;
      (f) examining the deed to Charles L. Doue to determine if an address was reflected on the Deed;

   (g) examining the Bowie County tax records for 1982 where the attorney found no address and a notation "m.r." (mail returned) and found that at the time such check was made, the 1982 taxes were not paid.

2. This point of error, although inartfully drawn, appears to challenge the factual sufficiency of the evidence to support the judgment. That was the issue resolved by the trial court. The attorneys' briefs and arguments address that issue.

3. The majority's preoccupation with the information possessed by the taxing units' attorney seems curious. No evidence appears in the record that would suggest what, if anything, was in the files of the lawyer for the taxing units or his law firm. There is certainly no evidence indicating that the attorney had any information about Doue's whereabouts. He swore that he checked every record he knew to check and could not locate Doue. He even checked the Bowie County tax records for 1982, only to discover that the mail sent to Doue by Bowie County was returned undelivered.

Nevertheless, because the majority's misperception of the facts centers on "the letter," I am required to further address this matter. The letter which Doue offered into evidence, dated August 7, 1978, is copied below:

stating that the taxing units showed "no evidence that they investigated the easily available sources for Doue's address" (majority at 477) seems equally confounding.

PLAINTIFF'S
EXHIBIT
#4.

MCCREARY & HUEY
ATTORNEYS AT LAW
910 WEST 19TH STREET
AUSTIN, TEXAS 78701

JACK McCREARY
ROBERT M HUEY
SHELBURNE J VESELKA
J ELLIOTT BECK
PHILIP J. TYLER
GILBERT T BRAGG

August 7, 1978
DELINQUENT TAX NOTICE
STATE OF TEXAS AND BOWIE COUNTY

AREA CODE 912
477-9661

Charles L. Dave
958 Aloweda
Birkley, California 97470

TOTAL 1977 TAXES IF PAID
DURING, AUGUST, 1978
$ 22.34

Dear Property Owner:

All 1977 taxes due the State of Texas and Bowie County are now delinquent. We have examined the delinquent tax records and find that there are 1977 taxes due on property assessed in your name.

For your convenience, the amount due is shown above. Payment of this sum should be made directly to Ms. Margaret Barrett, Tax Assessor-Collector, State of Texas and Bowie County, County Courthouse, Boston, Texas 75557. Because previous notices of this delinquency may not have reached you, no further action will be taken by this office provided payment is made by August 31, 1978.

THIS NOTICE IS FOR 1977 TAXES ONLY! If you have reason to believe that other years are delinquent in your name, statements may be requested from this office or the County Tax Office in Boston. If you have sold your real property in this County, please send this information to this office or the County Tax Office.

Your cooperation in this matter will be appreciated.

Very truly yours,

Jack McCreary
Tax Attorney

JM:jg

Doue said that he received the letter and paid the taxes, as indicated by the memo in August 1978. To the extent that the majority concludes that this letter establishes, contrary to the sworn testimony, that the taxing units knew of Doue's whereabouts, I make certain points:

1. That the attorneys mailed a letter to Doue in 1978 does not mean they knew his address in 1982 and 1983;

2. If they had found a name of Charles L. *Dave* in the law firm files, there is no reason to think that they would have assumed that *Doue* and *Dave* were one and the same man; and

3. Doue admitted that, after the letter was sent he "moved out from that house. I changed my address to my office in San Francisco." The majority's view of the evidence may appear to be a reasonable view. But, is it not the trial court which is the trier of fact?

**480**

Could the majority have missed all the evidence upon which the trial court found specific efforts were made by the taxing units' attorney? Perhaps sensing that it has overstepped its bounds, the majority addresses Doue's actual point of error in passing, saying that, "As the evidence is legally insufficient, it is also factually insufficient." (Majority at 477).[4] If the majority purports to properly address the point of error raised challenging the sufficiency of the evidence, and holds the evidence factually insufficient, then the proper remedy would be for it to reverse and *remand* the case for a new trial.

The result reached by the majority in this case appears laudable. However, this is yet another instance of the Court's departure from traditional rules whenever it seems appropriate "to do justice." This is not the first time I have felt compelled to express these sentiments. *See, e.g., Penick v. Penick,* 780 S.W.2d 407, 410 (Tex. App.—Texarkana 1989, writ denied) (Bleil, J., dissenting) (I objected to a casting aside of "traditional rules" to do what was perceived to be right); and *Joiner v. AMSAV Group, Inc.,* 760 S.W.2d 318, 321 (Tex.App. —Texarkana 1988, writ denied) (Bleil, J., dissenting) (I urged that the "just result" reached by the majority did violence to our system of justice under law). Being staunchly committed to the proposition that the end never justifies the means, I cannot join in the majority's decision.

---

**4.** To the extent that the majority determines the factual sufficiency issue, it does so in a clearly inadequate fashion. When reversing a trial court's judgment after concluding the supporting evidence is insufficient, a court of appeals must detail the relevant evidence and clearly state why the evidence is factually insufficient.

*INA of Texas v. Briscoe,* 780 S.W.2d 786 (Tex. 1989); *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986). Perhaps had the majority more fully detailed the evidence relevant to the diligence question it might not so readily conclude that there is no evidence that the taxing units' attorney diligently attempted to locate Doue.