**Jill Oliver LOWE, Appellant,**

v.

**The UNITED STATES SHOE CORP. and Chris Love, Appellees.**

**No. C14–92–00141–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 11, 1993.

Rehearing Denied April 8, 1993.

Jack N. Price, Austin, for appellant.

David L. Brenner, Austin, for appellees.

Before ROBERTSON, CANNON and BOWERS, JJ.

OPINION

ROBERTSON, Justice.

Appellant appeals from a jury verdict dismissing her equitable bill of review. We affirm.

On April 13, 1988, appellant filed suit against appellees as a result of appellant's termination of employment with Casual Corner, a store owned by The United States Shoe Corporation. Appellant asserted causes of action for libel, slander, false light, invasion of privacy, and tortious interference with contract.

Two years later, on April 12, 1990, the Brazos County District Clerk mailed to appellant's attorney the following notice of intent to dismiss the cause for want of prosecution:

Pursuant to Rules of Civil Procedure 165a, 306a, and Local Rules 7, you are hereby notified that cases will be dismissed for want of prosecution on April 30, 1990 unless good cause is shown in writing filed with the clerk (no appearance necessary) on or before said date why case should not be dismissed. A list of cases will be posted on the bulletin board outside the courtroom. Also a list of cases may be obtained, for a nominal fee, by contacting the district clerk's office at....

The notice did not identify the specific case subject to dismissal. Appellant's attorney received the notice on April 16, 1990. Upon receipt, appellant's attorney did nothing to determine what case or cases were subject to the dismissal notice nor did he even familiarize himself with the provisions of the local rules.[1] Instead, the attorney assumed the notice pertained to *Gutierrez v. The Southland Corp.*, another case the attorney was responsible for and that had been on the court docket longer than *Lowe v. The United States Shoe Corp., et al.* Appellant's attorney filed a motion to retain the *Gutierrez* case. Because of the wrongful assumption that the notice of intent to dismiss applied to *Gutierrez*, appellant's attorney did not file a motion to retain *Lowe v. The United States Shoe Corp., et al.*, and the case was dismissed for want of prosecution on June 28, 1990.

Appellant's counsel asserts he did not learn of the dismissal until November 6, 1990, when, after urging appellees to complete discovery, appellees sent appellant's counsel a copy of the dismissal order and a letter stating the case had been dismissed. On December 5, 1990, appellant filed a motion to reinstate and equitable bill of review. Appellant's motion to reinstate was untimely and appellant proceeded on the equitable bill of review.

Appellees filed a motion to dismiss equitable bill of review on December 30, 1990 arguing appellant failed to pursue an adequate remedy at law, a writ of error. On December 9, 1991, the district court denied appellees' motion to dismiss the bill of review and appellant's bill of review was tried to a jury on December 10, 1991. There was an agreement between both parties, joined in by the court, that the trial would be bifurcated, i.e. the bill or review would first be tried and if a trial on the merits was then necessary, such trial would be separate. The two questions submitted to the jury were answered favorably to appellee and on December 26, 1991, judgment on the jury verdict dismissing appellant's equitable bill of review was entered and appellant appeals from that judgment.

In seven points of error, appellant argues the notice of intent to dismiss the suit was inadequate and failed to meet the standards of due process as required by the

---

1. The Local Rules of Administration for Brazos County were amended effective February 1, 1990. Prior to that date Rule 7 governed involuntary dismissals; under the revised rules the provisions concerning the dismissal docket became Rule 3.22 and provided:

    *3.22 Dismissal Docket: Involuntary Dismissal.*

    a. At least once each year, cases which have not been disposed within the time limits set forth in these rules may be dismissed for want of prosecution. Notice of intention to dismiss shall be given in accordance with Rule 165a of the Texas Rules of Civil Procedure to all attorneys of record and parties pro se whose addresses are shown on the docket or in the papers on file.

    b. If more than one case appears on the dismissal docket for a certain date, a list of cases to be dismissed shall be posted in a conspicuous place in the clerk's office.

    c. Unless good cause is shown as required in the notice, such cases will be dismissed on or after the date stated therein. "Postcard notification of the dismissal order shall be as provided in Rule 306a of the Texas Rules of Civil Procedure.

federal and state constitutions; there was a failure to give notice of the dismissal as required by Tex.R.Civ.P. 306a; and the trial court imposed an erroneous burden of proof on appellant. Appellant does not argue each point of error separately, but argues all seven points of error as one point with lack of due process being the underlying contention. This manner of attack upon the trial court judgment complicates our addressing her contentions. We place this case in the proper context, we believe, by first addressing her basic contention.

■ Appellant begins her argument upon the premise that she was not required to prove fraud, accident or wrongful act of the opposing party because 1) the notice of the impending dismissal was constitutionally infirm and 2) she did not receive notice of the actual order or judgment of dismissal. Appellant bases her contention upon *Peralta v. Heights Medical Center,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) and *Lopez v. Lopez,* 757 S.W.2d 721 (Tex. 1988). In each of those cases the respective courts held that requiring a defendant, who had no notice of a dispositive setting of a case, to show as a condition of being granted relief, that he had a meritorious defense was a violation of due process. Those cases simply have nothing to do with the issue presented in this case. The trial court in this case did not require appellant to show she had a meritorious defense. The procedure to be followed in a bill of review proceeding was set forth in *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979). The first requirement to be met, as set out in *Goldsmith,* has unquestionably not been changed:

> First, in order to invoke the equitable powers of the court, the bill of review complainant must file a petition. This petition must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence.

*Id.* at 408. This was the basis upon which the trial court proceeded. Thus, the controlling question presented by this appeal is whether appellant received *notice* of intent to dismiss her lawsuit.

The case was presented to the jury on two questions:

*Question No. 1:*

Do you find, from a preponderance of the evidence, that the dismissal of the [appellant's] case was the result of fraud, accident or wrongful act of Chris Love, The United States Shoe Corporation, or their attorney, unmixed with any negligence of Jill Oliver Lowe or her attorney.

*Question No. 2:*

Do you find from a preponderance of the evidence, that the dismissal of [appellant's] case was the result of an official mistake by the district clerk, unmixed with any negligence on the part of Jill Oliver Lowe or her attorney.

As used in Question No. 2, an "official mistake" is an error by an official court functionary in the discharge of official. duties.

Appellant's points of error one through five and seven concern these questions. In her first two points of error appellant contends this was an erroneous submission because neither question "fit" the evidence presented and the questions presented to the jury do not address the due process basis for the bill or review. She argues there is no evidence of fraud, accident, or wrongful act of appellees, nor was there any evidence of an "official mistake" by the district clerk and that the answer to each question submitted to the jury was a foregone conclusion.

In points of error three, four and five, appellant argues the trial court erred by refusing to submit certain proposed questions to the jury. Appellant's proposed questions asked the jury if the notice of intent to dismiss the case for want of prosecution complied with due process; if the notice of intent to dismiss the case that was sent to appellant's attorney was reasonably calculated to apprise the appellant of the pendency of the dismissal; and if there was a failure to give notice to the appellant that judgment of dismissal of the

case had been entered. In her seventh point, appellant contends the trial court erred in applying *Baker v. Goldsmith* standards because they were more onerous than required under the facts of this case.

■ Appellant argues that the case of *Doue v. City of Texarkana*, 786 S.W.2d 474 (Tex.App.—Texarkana 1990, no writ) defines the test of adequate notice and identifies the guidelines for submission of the issue to the jury. *Doue* involved a taxpayer's petition for bill review to set aside a tax foreclosure judgment and sale. At issue was the taxing units exercise of due diligence in attempting to ascertain the taxpayer's address prior to resorting to citation by publication. The court found that there was no evidence that the taxing authorities had used due diligence to locate Doue and therefore, held that the judgment based on citation by publication could not stand. We do not understand the applicability of the court's holding to any issue before us.

As we have already stated above, the trial court properly followed the dictates of the *Baker* case in submitting the questions to the jury. The questions that appellant sought to have submitted to the jury were questions of law rather than fact. Points of error one through five and seven are overruled.

■ In her sixth point of error appellant contends the trial court erred in failing to instruct a verdict in her favor because the notice of intent to dismiss was constitutionally inadequate and there was a failure to give notice of actual dismissal. Appellant argues that since the notice of intent to dismiss did not identify this case by name, notice was constitutionally defective. We do not agree. The facts are not disputed that notice of intent to dismiss was sent by certified mail to appellant's counsel and that he received the notice. Appellant's counsel admits that he assumed the notice pertained to another case and he filed a motion to retain in that case. Appellant's attorney did not request the list of the cases to be dismissed; he did not contact the district clerk's office, and even though he was in trial of another case in Brazos County for four days during the more than two month period of time after he received

the notice of intent to dismiss and the actual dismissal, he did not review the list of cases on the dismissal docket. Thus, the slightest effort by appellant's counsel would have revealed the name of the case subject to dismissal. The fact that after receiving the notice of intent to dismiss, appellant's counsel took action, although mistakenly by his own admission, shows without doubt that he received *notice*.

It is generally held that a party to a lawsuit is charged with notice that the suit may be dismissed for want of prosecution when there is inaction for a long period of time. *Knight v. Trent*, 739 S.W.2d 116, 119 (Tex.App.—San Antonio 1987, no writ). This constructive notice satisfies due process requirements. *Id.* And the supreme court has held that a party's attorney's knowledge of the local rules regarding dismissal for want of prosecution is sufficient notice to satisfy the requirements of due process and authorize the trial court's dismissal of a case *regardless of whether actual notice was even sent. State v. Rotello*, 671 S.W.2d 507, 508 (Tex.1984). This being so, we fail to understand how in this case where appellant's counsel actually received notice, it could be held the notice was constitutionally defective.

■ As a second part of her sixth point, appellant contends that since she did not receive actual notice of the dismissal, the trial judge should have granted an instructed verdict in her favor. We disagree. It is only necessary that there be notice of *either* the intent to dismiss or the order of dismissal. *Copeland Enterprises, Inc. v. Tindall*, 683 S.W.2d 596 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). Appellant's sixth point is overruled.

In view of our disposition of appellant's points, we forego a discussion of appellee's two cross points complaining of the failure of the trial court to dismiss the bill of review proceeding because appellant had an adequate legal remedy and the complaint concerning the trial court's permitting undesignated witnesses to testify.

We affirm the judgment.

BOWERS, Justice, dissenting.

I respectfully dissent. In her sixth point of error, appellant argues that the trial court erred in refusing to direct a verdict or to render judgment in favor of appellant because, as a matter of law, the notice of intent to dismiss the suit was inadequate to comply with the requirements of due process and there was failure to give notice of the dismissal to appellant. I agree.

A trial court derives its authority or discretion to dismiss a case for want of prosecution from Rule 165a of the TEXAS RULES OF CIVIL PROCEDURE or from its inherent power to dismiss a suit for failure to prosecute with due diligence. *Davis v. Laredo Diesel, Inc.,* 611 S.W.2d 943, 946 (Tex. App.—Waco 1981, writ ref'd n.r.e.).

Appellant's complaint that she did not receive notice of the final judgment is undisputed. Appellant does not deny receiving a notice of the court's intention to dismiss a block of unparticularized cases, but alleges that the notice violated due process because it did not specify the particular cases subject to dismissal. Because appellant's case was not mentioned with particularity, appellant in effect received no notice and the notice violated due process.

Regardless of whether the case is dismissed pursuant to Rule 165a or the court's inherent power, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, *to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.*" *Peralta v. Heights Medical Center,* 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988). The right of a party to be heard in a contested case is fundamental and failure to give adequate notice of the trial setting constitutes lack of due process. *Williams v. Holley,* 653 S.W.2d 639, 640, (Tex.App.—Waco 1983, writ ref'd n.r.e.). A fundamental element of due process is adequate and reasonable notice of proceedings. *Langdale v. Villamil,* 813 S.W.2d 187 (Tex.App.—Houston [14th Dist.] 1991, no writ). Because due process is a legal question and not a fact question for the trier of fact, this court must determine if the district clerk's notice of intent to dismiss constituted due process.

This is a death penalty case; the ultimate sanction for failure to prosecute a case with diligence is dismissal. In the instant case, the trial court did not follow the guidelines set forth in *TransAmerican v. Powell,* 811 S.W.2d 913 (Tex.1991). *TransAmerican v. Powell* involved sanctions for discovery abuse. However, the *TransAmerican v. Powell* guidelines have been applied when a death penalty sanction is imposed by the trial court for reasons other than discovery abuse.

In *Kutch v. Del Mar College,* appellee specially excepted to appellant's petition. After conducting a hearing, the trial court sustained appellee's exceptions and set a specific date by which appellant was to amend her original petition. Appellant failed to amend her original petition by the due date and the trial court dismissed her petition with prejudice. In reversing the trial court, the court of appeals held that although appellant's failure to amend her petition by the required date was not a discovery abuse, the standards set forth in *TransAmerican v. Powell* should apply because the trial court imposed a death penalty sanction. *Kutch v. Del Mar College,* 831 S.W.2d 506 (Tex.App.—Corpus Christi 1992, no writ). "The TransAmerican principles of review of striking a party's pleadings as discovery sanctions apply equally to sanctions for violation of pretrial orders." *Lassiter v. Shavor,* 824 S.W.2d 667 (Tex. App.—Dallas 1992, no writ). The court in *TransAmerican v. Powell* (quoting *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)), said:

> There are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause.

*TransAmerican,* 811 S.W.2d at 918.

The Texas Supreme Court has said the "trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both." *Id.* at 917. Obviously, if Lowe's attorney did not know the case had been dismissed appellant could not have known; however, she is the one being punished by being deprived of her day in court.

The majority believes it would have been relatively easy for appellant's counsel to examine the lists posted on the court house bulletin boards and determine that the case was subject to dismissal. Rule 165a, however, makes it the duty of the district clerk to notify the attorney of record of the court's intention to dismiss "a case" at a dismissal hearing.

Posting a list of cases is not mentioned in Rule 165a. Posting a list of cases is nothing more than a warning that something bad is about to happen to an unnamed innocent litigant. The majority holds that, because appellant's attorney filed a motion to retain, he had notice and there was a mistake made in his office. But, would this mistake or accident have occurred if he had received a notice that advised him of the style and case number to be dismissed? Every day appellate courts affirm cases in which people have been held liable for creating situations that caused an accident. The majority's holding today is certain to create situations where there will be more "accidental" dismissals to the detriment of innocent citizens.

Rule 165a was written for the specific purpose of preventing these accidental dismissals. The rule provides many safeguards to protect a litigant whose case is wrongfully dismissed, depriving the litigant of his or her day in court. Each of these safeguards is undermined if the initial notice of intent to dismiss is not adequate.

Rule 165a pertains to the dismissal of a *specific* case and not to the posting of a *list* of cases. The rule begins "a case" and in four other places in the first paragraph alone, the words "the case" appear. The specific language of Rule 165 provides that:

> A case may be dismissed.... Notice of the court's intention to dismiss ... shall be sent by the clerk to each attorney of record, ... whose address is shown on the docket or in the papers on file,....

Tex.R.Civ.P. 165a(1). Rule 165a should not be interpreted to provide that posting a list of cases on the court house walls is proper notice to the attorney or litigant.

In *State v. Rotello*, the case was dismissed pursuant to local rule 11–1 of the district courts of Brazos County. The court, in its opinion, made no mention of Rule 165a. *State v. Rotello*, 671 S.W.2d 507 (Tex.1984). The Brazos County local district court rules have changed since the *Rotello* decision, and therefore, *State v. Rotello* is not on point.

In the instant case, the local court rules governing notice of intent to dismiss provided that cases would be dismissed pursuant to Tex.R.Civ.P. 165a and local rule 7. I take judicial notice of the local rules. *Langdale*, 813 S.W.2d at 189–190. The district clerk's office sent the notice of intent to dismiss on April 12, 1990. The applicable local rules had been in effect since February 1, 1990 and there was no local rule 7; therefore, the case was dismissed pursuant to Tex.R.Civ.P. 165a. That rule provides in pertinent part:

> A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any *hearing or trial* of which the party had notice....

Tex.R.Civ.P. 165a (emphasis added).

The rule does not provide for dismissal of cases unless the party fails to appear for a hearing or trial. This court has previously held that a lawsuit can not be dismissed pursuant to Rule 165a for failure to appear at a docket call because a docket call is not a hearing or trial. *Degen v. General Coatings, Inc.*, 705 S.W.2d 734 (Tex.App.— Houston [14th Dist.] 1986, no writ). The district clerk's notice informing attorneys of where or how to obtain a list of cases subject to dismissal is not adequate notice of a hearing or trial. The notice mailed to appellant's attorney with no reference to case style or number was not fair notice

under the circumstance. *See Davis v. Laredo Diesel, Inc.*, 611 S.W.2d 943, 946–947 (Tex.App.—Waco 1981, writ ref'd n.r.e.).

The posting of a list of cases to be dismissed may be an expedient way for the court to clear its docket. However, when this expediency is at the expense of litigants, depriving them of their day in court for a trial on the merits, the method should not be accepted.

Because the notice of intent to dismiss did not apprise appellant's attorney of the pendency of the dismissal action for this specific case, thereby affording appellant the opportunity to present her objections, I would hold that the notice of intent to dismiss sent by the district clerk's office did not comply with either Rule 165a or with the requirements of due process.

I would grant appellant's sixth point of error and reverse and remand.