

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00113-CV

_____

SANDRA EARL VAIL, Appellant

V.

DONALD NEAL BROWN, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 08-0256

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I.    Factual and Procedural Background

Sandra Earl Vail and Donald Neal Brown[1] were divorced in Louisiana. The judgment included orders that Brown pay Vail child support. Years later, Brown filed an action in Harrison County, Texas, and obtained a default judgment reciting that he had overpaid his child support obligation. Vail now appeals the trial court's order denying her bill of review to set that judgment aside based on improper service of citation. After examining the record, we find a fatal deficiency in purported service on Vail in the proceedings below. The bill of review should have been granted, and we find the trial court abused its discretion in failing to do so. Accordingly, we reverse the trial court's ruling and remand this case for further proceedings.[2]

In 2004, Brown filed a suit affecting parent-child relationship in Harrison County, Texas, which attempted to incorporate, if not register, the Louisiana divorce and its child support obligations. *See* TEX. FAM. CODE ANN. § 159.601 (Vernon 2008).

---

[1]In the briefing and even in the record, Vail's name is usually spelled "Vail." However, in at least one order, and on the cover of her appellate brief, her name is spelled "Vale." Also, in several locations, her former husband refers to her as Sandra Vail Knowles. Vail testified she was engaged to a Mr. Knowles, but does not refer to herself with that surname. Her former husband is referred to variously as Neal Noble or Donald Neal Brown. For the sake of simplicity and consistency, we will refer to the parties as "Vail" and "Brown."

[2]Vail appeals two trial court rulings in a single brief. Please see our opinion in cause number 06-08-00114-CV, issued on even date herewith.

2

The record shows that in September 2007, Brown obtained service on Vail of a notice of hearing for reinstatement and final orders. A little more than a week later, though, Brown attempted to serve Vail with an "Original Petition to Modify the Child Support Order." This service was attempted at the same address as the "Notice of Hearing" that had been successfully served September 20. However, on September 28, although the private process server filed an affidavit saying he heard activity in the house and waited two hours, there was no answer at the door. As a result, Brown made a motion for substituted service. An order granting such service was signed by a visiting judge, but the order was not filed.[3] Sometime around October 5, 2007, Brown again sought to serve Vail with the petition to "modify child support." It is Brown's position that his process server left a copy of the petition and order allowing substituted service on the door at the address where the September 20 service had been accomplished. Vail testified that she did not receive the citation, she was in Louisiana at the time, and that address was not her residence. She became aware that a judgment had been granted when she appeared in a Louisiana court on a motion to enforce child support against Brown. However, and of prime significance to the instant appeal, the return of citation for the purported substituted service is not verified. Brown concedes that service was

[3]Brown claimed, before the trial court and this Court, that when he was made aware of the absence of this order in the trial court's file, he located the original and filed it, perhaps in April 2008. However, nowhere in the record before this Court do we find a file-marked copy of this order. The order was offered and received as an exhibit at the July 11, 2008, hearing.

3

invalid and that the order denying the bill of review in trial court cause number 08-0256 should be reversed and that case be remanded for a new trial.[4]

The trial court entered a default judgment in Brown's favor on October 30, 2007. The judgment recognized that a Louisiana judgment entered in February 1994 had found that Brown owed $32,697.58 in past due child support payments; that Brown had paid in full all his owed child support; and that "the total amount [husband] should have paid was $54,188.67 and the amount [husband] actually paid was at least $79,893.72 by December 31, 2005." While the judgment finds Brown owed Vail no further support payments, the only award it makes is for $2,500.00 in attorney's fees.

## II. Bill of Review

A bill of review is an independent action to set aside a judgment that can no longer be challenged by a motion for new trial or appealed. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999). A bill of review is usually a direct attack on a previous trial court's judgment. *Fernandez v. Frost Nat'l Bank*, 267 S.W.3d 75, 81 (Tex. App.—Corpus Christi 2008, pet. filed); *Pursley v. Ussery*, 937 S.W.2d 566, 567 (Tex. App.—San Antonio 1996, no writ). In order to be entitled to relief on a bill of review, a petitioner must plead and prove 1) a meritorious defense,

---

[4]Brown concedes that the lack of verification on the return of citation divested the trial court of jurisdiction and Vail's bill of review should have been granted. He further argues that the proper remedy is a remand to the trial court "in light of the fact that this minor defect can be cured upon a Rule 118 T.R.C.P. motion." At this time, no amendment has been attempted and that issue is not before us; consequently, we do not address the possibility of amending the return or the effect of such an amendment.

2) that he or she was prevented from making due to the fraud, accident, or wrongful act of his or her opponent, and 3) that the failure to appear was unmixed with any fault or negligence of his or her own. *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006). Further, the petitioner must normally show that he or she exercised due diligence to assert all adequate legal remedies before filing the bill of review. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).

In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *Nguyen v. Intertex, Inc*., 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Harris v. Elm Oil Co.*, 183 S.W.2d 216, 218 (Tex. Civ. App.—Texarkana 1944, writ ref'd w.r.m.). The trial court may be reversed for abusing its discretion only if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *Nguyen*, 93 S.W.3d at 293.

However, the absence of proper service alters the availability of a bill of review. When a party has not been properly served, a party is not required to establish all of the elements normally required for relief on a bill of review. A party who was "not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third." *Ross*, 197 S.W.3d at 797. This is true even if a party becomes aware of the proceedings and fails to participate. A party, who has acquired knowledge but

5

was not properly served, has no duty to participate in the proceedings.  *Caldwell v. Barnes*, 154 S.W.3d 93, 97 n.1 (Tex. 2004); *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990) ("[M]ere knowledge of a pending suit does not place any duty on a defendant to act.").  Although diligence is required from properly served parties or those who have appeared, those not properly served have no duty to act.  *Ross*, 197 S.W.3d at 797–98.

Several appellate opinions, in bill of review proceedings,  have concluded that a defective service of process has the same legal effect as if the party had received no service of process. *Rodriguez v. Uvalde Care Ctr., L.L.C.*, No. 04-04-00269-CV, 2004 Tex. App. LEXIS 9007, at *3–5 (Tex. App.—San Antonio Oct. 13, 2004, no pet.) (because the return did not recite that citation was delivered to defendant by serving its registered agent, the service of process was invalid); *Gunnerman v. Basic Capital Mgmt., Inc.,* 106 S.W.3d 821, 826 (Tex. App.—Dallas 2003, pet. denied) (without proper service defendants were not required to file an answer); *Granderson v. Ross*, No. 14-03-00296-CV, 2004 Tex. App. LEXIS 2633 (Tex. App.—Houston [14th Dist.] Mar. 25, 2004, no pet.) (defendant did not receive a complete petition). Here Brown has conceded that service of citation was defective and has prayed that we remand the case.  When an issue is conceded, the court need not decide it.  *Jochec v. Clayburne*, 863 S.W.2d 516, 522 (Tex. App.—Austin 1993, no writ).

Here, the record shows an absence of verification of Brown's alleged service of Vail by substituted service, and Brown does not contest this apparent error. The trial court erred in failing to grant Vail's bill of review. Accordingly, the default judgment against Vail is reversed, and this cause is remanded to the trial court for further proceedings.[5]


                                                    Jack Carter
                                                    Justice


Date Submitted:        August 19, 2009
Date Decided:          October 16, 2009

---

[5]Rule 123 of the Texas Rules of Civil Procedure provides:

> Where the judgment is reversed on appeal or writ of error for the want of service, or because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed.

TEX. R. CIV. P. 123; *see Ross*, 197 S.W.3d at 797 (setting aside the default judgment and remanding for trial on the merits of the underlying allegations); *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet.) (setting aside final prior judgment and remanding for further proceedings). Rule 123 has been applied to bills of review as well. *See Smith v. Commercial Equip. Leasing Co.*, 678 S.W.2d 917, 918 (Tex. 1984); *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex. 1965); *Avila*, 991 S.W.2d at 499; *see also Doue v. Texarkana*, 757 S.W.2d 801, 803 (Tex. App.—Texarkana 1988) (op. on reh'g) (vacating default judgment and remanding for new trial).

7