Carol Johnene MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–84–00220–CR.

Court of Appeals of Texas,
El Paso.

Nov. 14, 1984.

Opinion on Remand May 1, 1985.

Discretionary Review Denied
Sept. 18, 1985.

Dennis Cadra, Odessa, for appellant.

Vern F. Martin, Dist. Atty., Midland, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Carol Johnene Morris appeals from an order revoking probation and sentencing her to confinement for five years. We abate the appeal.

On April 21, 1983, Appellant was found guilty of theft of property of a value of $200.00 or more but less than $10,000.00 and was assessed punishment of confinement for a period of five years and a fine of $500.00. The sentence of confinement was suspended and Appellant was placed on probation for five years. The State's Third Amended Petition for Revocation of Probated Sentence was filed February 17, 1984. At the initial hearing on February 24, 1984, the court granted a continuance until February 27, 1984, because of the recently filed amended pleading. On February 27, 1984, the Appellant filed a Motion for Recusal on the grounds that the trial judge "has a personal bias or prejudice concerning the Defendant in this cause and personal knowledge of disputed evidentiary facts concerning the proceeding which renders his impartiality in this cause to be reasonably questioned to a degree that failure to recuse would constitute a denial of due process to the Defendant." The motion requested that the trial judge recuse himself or request the presiding judge of the administrative district to assign another judge to hear the motion. The trial court denied the motion on the grounds that it was not timely filed.

■ By a single ground of error, Appellant contends that the trial court abused its discretion in overruling the motion and in failing to have another judge rule on the motion. Tex.Rev.Civ.Stat. art. 200a, sec. 6, provides that a district judge shall request the presiding judge to assign a judge of the administrative district to hear any motions to recuse. This article applies in criminal cases. *McClenan v. State*, 661 S.W.2d 108 (Tex.Crim.App.1983). But, this article has no guidelines as to the requirements of

such a motion or time limits within which it shall be filed. *McClenan v. State, supra,* n. 2. Rule 18a, Tex.R.Civ.P., which applies in civil cases, requires that such a motion be filed "[a]t least ten days before the date set for trial or other hearing * * *." It was suggested in a footnote in *Limon v. State,* 632 S.W.2d 812 (Tex.App.—Houston [14th Dist.] 1982, PDRR) that Rule 18a, Tex.R.Civ.P., now defines the procedure for application of Article 200a. But, footnote 2 in *McClenan v. State, supra,* suggests otherwise. Tex.R.Crim.App.P. 211 provides for the application of the Rules of Civil Procedure in certain instances in criminal cases, but its application is limited to "proceedings in the courts of appeals" and thus it has no application to proceedings in the trial court with which this case is concerned.

In *Robb v. Robb,* 605 S.W.2d 390 (Tex. Civ.App.—El Paso 1980, no writ), we concluded that the provisions of Article 200a, sec. 6, are mandatory, although we questioned the soundness of the holding in *McLeod v. Harris,* 582 S.W.2d 772 (Tex. 1979) on the issue of application. In the *McClenan* case, the Court of Criminal Appeals concluded that bias could be a ground for disqualification if it is shown to be of such a nature and to such an extent as to deny a defendant due process of law. Now we find ourselves questioning the soundness of that court's application of the rule it announced. The court said, "appellant's motion did allege a proper ground for recusal." Yet no recusal hearing was required by the majority opinion. Once proper grounds are alleged, can the moving party be denied the statutory right to a hearing? *McLeod v. Harris, supra* says it may not be denied. It would appear that the legislature intended that a newly assigned judge, and not the appellate court, would pass on the admissibility of evidence and the credibility of the judge under attack, at least in the first instance.

Nevertheless, in our case there is nothing in the record upon which we could decide the issue raised even if we were inclined to do so. But, in the interest of time and expense to all concerned, we do not reverse the revocation of probation at this time. Instead, we abate the appeal and order the Honorable Pat M. Baskin to request the Presiding Judge of the 7th Administrative District to assign another district judge to hear relator's motion to recuse and we direct that the statement of facts and order of the assigned judge be certified and sent to our Clerk for filing in this proceeding. *See: Miles v. State,* 644 S.W.2d 23 (Tex.App.—El Paso 1982). Although we shall not set a deadline for the filing of the supplemental record, we request that the hearing be conducted and the record filed with all due dispatch.

The appeal is abated.

## OPINION AFTER REMAND

In compliance with our prior opinion in this case, the presiding judge of the 7th Administrative District assigned the Honorable C.V. Milburn to hear relator's motion to recuse and we have received the testimony from that hearing, at the end of which the court held that there "is absolutely * * * no credible evidence in this case that would require the recusal of Judge Baskin." We have thoroughly reviewed the statement of facts from the recusal hearing and we agree with Judge Milburn's determination of the motion to recuse. The Appellant's single ground of error is overruled.

The order revoking probation and sentencing Carol Johnene Morris to confinement for a period of five years is affirmed.