**Byron C. DEGEN, Appellant,**

v.

**GENERAL COATINGS, INC., Appellee.**

**No. A14–85–636–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 23, 1986.

Thomas Herter, Houston, for appellant.

Douglas R. Drucker, Houston, for appellee.

Before BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

Byron Degen appeals from the judgment of the trial court dismissing his case for want of prosecution. He asserts two points of error on appeal in that the trial court abused its discretion in dismissing his case and for failure to give notice of intent to dismiss for want of prosecution.

On May 6, 1985, appellant's lawsuit was dismissed for want of prosecution as little activity had occurred since its filing date of June 20, 1979. The suit was reinstated, on appellant's motion, on June 24, 1985. Further, the court afforded appellee the opportunity to depose appellant sometime between June 24, 1985 and July 3, 1985. Appellee, on or about June 27, 1985, gave notice of intent to take the deposition of appellant on July 1, 1985. Appellee was advised by appellant's counsel that he had a scheduling conflict and would be unable to attend the deposition. On July 3, 1985, counsel for appellee appeared in court to announce that he was not now ready for trial for the reason that appellant failed to appear at the scheduled deposition. It was at this time the court, after reviewing its docket notations and citing previous inactivity, dismissed the suit for want of prosecution.

The order of the court reads in part as follows:

On the 3rd day of July, 1985 *the call of the docket was held for the above styled and numbered cause.* Defendant General Coatings, Inc., appeared by and

through its counsel and announced to the Court it was not now ready for trial for the reason that Plaintiff Byron C. Degen had failed to comply with requested discovery. Plaintiff Byron C. Degen did not appear in person or through counsel. (emphasis added)

If this dismissal was granted under Rule 165a, then such dismissal was improper. Rule 165a authorizes dismissal of a suit on the failure of any party seeking affirmative relief or his attorney to appear for any *hearing or trial.* Rule 165a originally provided "A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing, trial *or docket call* of which he had notice ..." As of January 1, 1976, when Rule 165a was amended, docket call was omitted from the rule. The promulgation of rules and amendments thereto is a legislative act of the court, and the rules have the force of statutes. *Freeman v. Freeman,* 160 Tex. 148, 327 S.W.2d 428 (1959); *Church v. Crites,* 370 S.W.2d 419 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.). We must give some effect to changes in the words of legislative acts, and must also construe their words, so as to accomplish the legislative intent. *Independent Life Ins. Co. of America v. Work,* 124 Tex. 281, 77 S.W.2d 1036 (1934). Thus a suit cannot be dismissed for failure to appear at a *docket call. See Davis v. Laredo Diesel, Inc.,* 611 S.W.2d 943, 946 (Tex.Civ.App.—Waco 1981, writ ref'd n.r. e.). A reading of the above cited judgment indicates that this suit was dismissed for failure to appear at docket call. The docket sheet does not indicate that suit was called to trial on July 3, but only shows that on June 24, the suit was certified ready for trial. The record itself does not indicate whether July 3 was a trial date or docket call date. Thus the trial court was not authorized to dismiss this suit under Rule 165a. No motion for sanctions was presented to the court at that time. If sanctions were requested we would reach a different conclusion. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, (Tex.1985).

.

The judgment of dismissal is reversed and the suit is remanded with instructions to reinstate same on the court's docket.