**Glenda Ray LEE, Relator,**

v.

**The Honorable Bill BACHUS, Judge, Sitting by Assignment, 76th–276th Judicial District Court, Titus County, Texas, Respondent.**

No. 06–95–00034–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 27, 1995.

Decided May 3, 1995.

Errol N. Friedman, Friedman Law Offices, Texarkana, Deborah J. Race, Tyler, for relator.

Danny Woodson, Law Offices of Danny Woodson, Mount Pleasant, for Real Party In Interest Michael Shane Lee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

In this original proceeding, Glenda Lee seeks a writ of mandamus and prohibition requiring the Honorable Bill Bachus to recuse himself from sitting and acting as an assigned judge in Cause Number 24,273 in the Titus County district court. We granted Mrs. Lee leave to file the petition and temporarily stayed further proceedings in the case pending resolution of this proceeding.

Michael Lee sued Glenda Lee for divorce. Mrs. Lee appeared without an attorney at a docket call conducted by Judge Bachus on April 3, 1995, and advised the court that she was in the process of changing counsel. She orally requested a delay so she could obtain new counsel. Judge Bachus denied her request and advised her that the case was set for trial on April 17, 1995.

Mrs. Lee retained Errol Friedman as her attorney on April 3, 1995, after the docket call. Mr. Friedman filed a notice of appearance and a written motion for a continuance on that same date.

On April 5, 1995, Mr. Friedman filed an objection to the assignment of Judge Bachus to sit in the case, pursuant to TEX.GOV'T CODE ANN. § 74.053 (Vernon Supp.1995). He also filed a motion for continuance. On April 17, the court heard the objection and the motion for continuance, and overruled them both. A jury was selected, and the trial was scheduled to begin on April 19, 1995, at 1:00 p.m.

Section 74.053 of the Texas Government Code provides in relevant part that:

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case....

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

If a party properly and timely objects, disqualification of the assigned judge is mandatory. *Rubin v. Hoffman*, 843 S.W.2d 658 (Tex.App.—Dallas 1992, orig. proceeding).

An objection is timely if it is made before the first hearing or trial, including pretrial hearings, over which the judge is to preside. TEX.GOV'T CODE ANN. § 74.053(c). The objection must be made before the assigned judge, sitting on the bench and in open court, calls the case *to* hearing or *to* trial. *Rubin v. Hoffman*, 843 S.W.2d at 659; *Kellogg v. Martin*, 810 S.W.2d 302 (Tex. App.—Texarkana 1991, orig. proceeding); *Lewis v. Leftwich*, 775 S.W.2d 848, 851 (Tex. App.—Dallas 1989, orig. proceeding).

Mr. Lee contends that mandamus, rather than prohibition, is the proper remedy if a judge continues to sit after a timely objection is filed. Actually, Mrs. Lee has requested a writ of mandamus to require Judge Bachus to disqualify himself, and she has asked for a writ of prohibition to prohibit him from taking any further action in the case, citing *Lone Star Industries, Inc. v. Ater,* 845 S.W.2d 334, 338 (Tex.App.—El Paso 1992, orig. proceeding). In *Lone Star Industries,* the court held that the proper remedy if the judge continues to act in the case without proper assignment may be a writ of prohibition preventing him from taking any further action in the case. The court cited as authority *Akin v. Tipps,* 668 S.W.2d 432 (Tex. App.—Dallas 1984, orig. proceeding). This issue, however, is not dispositive in the case before us.

■ Mr. Lee contends that Mrs. Lee's objection was untimely because it was filed after the case was called for trial. We disagree. Judge Bachus did not call the case "to trial" on April 3. According to the undisputed evidence, the judge on that date merely conducted a docket call for thirty-seven cases, and set this case "for trial" at a future date. Setting a case for trial at a future date is not the same as calling the case "to" trial, as contemplated in Section 74.053. *Lewis v. Leftwich,* 775 S.W.2d at 849. Moreover, an ordinary docket call is neither a hearing nor a trial, as those terms are used in Section 74.053. *See Lowe v. United States Shoe Corp.,* 849 S.W.2d 888, 893 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (Bowers, J., dissenting); *Degen v. General Coatings, Inc.,* 705 S.W.2d 734 (Tex.App.—Houston [14th Dist.] 1986, no writ). Mr. Lee argues that the docket call here was in the nature of a pretrial hearing. The court's docket sheet, however, shows that the pretrial hearing was conducted on April 17, 1995, not on April 3. We conclude that the docket call in this case was not a pretrial hearing.

The written motion for disqualification was filed on April 5, 1995. As it was timely filed, Judge Bachus should have granted the motion and recused himself from the case. Tex. Gov't Code Ann. § 74.053. We therefore conditionally grant the writ as requested.

We believe that Judge Bachus will voluntarily vacate his order denying relator's objection to his assignment, and will withdraw from the case and vacate any other orders he has issued. The writ will issue only if he fails to do so. Subject to the above, the temporary stay issued by this Court on April 19, 1995 is lifted.