Harriett ROSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–97–00006–CR.

Court of Appeals of Texas, Texarkana.

June 6, 1997.

Troy A. Hornsby, Miller, James, Miller, Wyly, Hornsby, Texarkana, for appellant.

Jennifer McComic, Cass County Asst. District Attorney, Linden, for appellee.

### ORDER

Harriett Ross appeals from a conviction for intentionally appropriating property of another. She was found guilty by jury of the theft of timber from an adjoining landowner. On appeal, Ross challenges the evidence on the basis of legal and factual insufficiency and contends that the trial court erred in overruling her motion for recusal of the trial judge.

■ We first address Ross' contention on the recusal motion. Ross filed a motion with the judge to recuse himself because Ross had named him, along with other county officials, in a civil lawsuit that was dismissed in the early 1980s. Pursuant to TEX. GOV'T.CODE ANN. § 74.059(c)(3) (Vernon 1988),[1] a district court judge shall request the presiding judge to assign another judge to hear a motion relating to the recusal of the judge from a case pending in his court. Where a motion to recuse has been filed, the trial judge is under a mandatory duty to make a request for the presiding judge of the administrative district to hear the motion to recuse the trial judge. *McInnis v. State*, 618 S.W.2d 389 (Tex.Civ.App.-Beaumont 1981, writ ref'd n.r.e.). The purpose of this rule is to avoid a judge being required to rule upon his own recusal because such a ruling on its face suggests a lack of a neutral, disinterest-

ed forum. It is not for a judge as to whom the recusal motion is filed to pass on procedural sufficiency or insufficiency, but the judge must instead either recuse or refer the matter for another judge to hear. *Greenberg, Fisk & Fielder v. Howell*, 676 S.W.2d 431 (Tex.App.-Dallas 1984, no writ).

■ This rule applies to criminal cases. *Morris v. State*, 692 S.W.2d 109 (Tex.App.El Paso 1984, pet. ref'd).

Before ruling on the other issues in the case, in the interest of time and expense to all concerned, we find it necessary to abate the appeal and order the trial court to refer this motion to the presiding judge of the First Administrative Judicial District for the assignment of another judge to hear the motion to recuse. We further order that the statement of facts and the order of the assigned judge be properly certified and sent to the clerk of this Court for filing in this proceeding. *See Morris*, 692 S.W.2d at 110. We request that the hearing be conducted and the record filed with all due dispatch.

This appeal is abated pending resolution of this issue.

---

**1.** Formerly TEX.REV.CIV. STAT. ANN. art. 200a (Ch. 156, 1927 Tex. Gen. Laws 228, repealed by ch. 480, Sec. 26(1), (1985), Tex. Gen. Laws 3363,

4085; ch. 732, Sec. 5(1), 1985 Tex. Gen. Laws 5284, 5309).