**Johnny Michael STAFFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–96–00066–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted June 19, 1997.

Decided June 19, 1997.

Rehearing Overruled Aug. 5, 1997.

Steven F. Gamble, Longview, for appellant.

C. Patrice Savage, Gregg County Assistant District Attorney, Longview, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Johnny Michael Stafford appeals from his conviction for the offense of retaliation. After a jury trial during which Stafford represented himself with the assistance of standby counsel, he was found guilty and sentenced to five years' confinement, probated, and a $1,000.00 fine.

Stafford first contends that the evidence was legally insufficient to support his conviction. In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), and *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991), and look to see whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Stafford was convicted of the offense of retaliation. The indictment reads as follows:

the aforesaid *Johnny Michael Stafford* ... did then and there intentionally and knowingly threaten to harm another, to-wit: Steve Paradis by an unlawful act, to-wit: murder of Steve Paradis, in retaliation for and on account of the services of the said Steve Paradis as a public servant, to-wit: a peace officer employed by the City of Longview Police Department....

*See* TEX. PENAL CODE ANN. § 36.06 (Vernon 1994).

■ Stafford was arrested following a traffic stop. He had no identification with him, but informed the officer, Steve Paradis, that he had a Utah identification card. The officer testified that when he checked with the dispatcher, she was able to confirm that he had a Utah identification card and informed him that Stafford did not have a current driver's license and there was an outstanding warrant for his arrest.[1] Paradis testified that he was uncomfortable with Stafford's actions and called for backup assistance before arresting Stafford. According to the officer, after Stafford was placed in the back of the police car and while Paradis was taking him to jail, Stafford began a running diatribe in which he said that the officer worked for the CIA and was out to get him, and that he (Stafford) was,

going to kill you before you can get me. And while I'm at it, I'm going to kill your wife, I'm going to kill your kids, I'm going to kill your chief. We already have people lined up to take out the city council. And while I'm at it, I'm going to kill all Jews and niggers in the City of Longview.... I'll calm down once I've killed you.

---

1. The warrant was issued because Stafford had previously been cited for driving without a license and had not paid the $95.00 fine for that offense.

**924**

Paradis also testified that Stafford repeated his threats a number of times at the arrest scene and en route to the jail. Paradis testified that he was accustomed to dealing with people who were upset and who were often verbally threatening, but that such threats were typically fleeting, based upon sudden anger and passion, generally not repeated, and he did not usually take them seriously. He testified that this situation was different because of the somewhat bizarre nature of Stafford's claims and because of his incessant repetition of the threats, carefully made only at times when they were alone. Paradis also testified that during the booking procedure Stafford told him that his occupation was as a "selfemployed cop buster." This evidence is legally sufficient to permit the jury to determine that Stafford was threatening the police officer in a manner prohibited by statute. This point of error is overruled.

 Stafford next contends that the trial court erred by dismissing his motion to disqualify the trial judge pursuant to TEX. CONST. art. V, § 11; TEX.CODE JUD. CONDUCT, Canon 3(c) (1994), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. (Vernon Supp.1997).[2] Article V, § 11 provides that a judge is disqualified if the judge has an interest in the case, is related to a party within the prohibited degree, or when he was counsel in the case. TEX.CODE CRIM. PROC. ANN. art. 30.01 (Vernon Supp.1997) contains similar provisions. Stafford alleged in his motion that the trial judge was biased and that he should be disqualified because of that bias. Bias is not a proper ground for disqualification under the Texas Constitution or the Code of Criminal Procedure.[3] The Court of Criminal Appeals, however, has engrafted an additional possibility in the form of judi-

cial bias as a common-law basis for disqualification when the bias is of such character that it denies a defendant due process. *McClenan v. State,* 661 S.W.2d 108, 109 (Tex.Crim. App.1983); *see also Musick v. State,* 862 S.W.2d 794, 805 (Tex.App.—El Paso 1993, pet. ref'd); *Elam v. State,* 841 S.W.2d 937, 939 (Tex.App.—Austin 1992, no pet.); *Cumpian v. State,* 812 S.W.2d 88, 91 (Tex.App.— San Antonio 1991, no pet.). Before an alleged bias becomes sufficient to warrant the disqualification of a judge, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778, 793 (1966) (quoted in *Kemp v. State,* 846 S.W.2d 289, 306 (Tex. Crim.App.1992)).

The question raised by Stafford concerns the nature of the procedure to be used in determining whether a judge is disqualified and whether a failure to follow the procedure is reversible error. In *Arnold v. State,* 853 S.W.2d 543, 544 (Tex.Crim.App.1993), the court held that TEX.R. CIV. P. 18a provides the procedure for recusal proceedings. Although that case did not specifically state that the procedure also applies to disqualification, it referred approvingly to *McClenan,* in which the court had earlier held (applying earlier statutory authority) that a disqualification claim based upon bias should be heard by another judge in the same manner as a recusal claim.[4]

 Accordingly, we believe that the weight of authority requires a motion to disqualify to be handled under the same procedural requirements as is a motion to recuse.

---

2. Stafford's motion to disqualify and the appellate brief both specify that the claim is made under the authority cited in the body of this opinion. The cited canon has no relationship to this claim. An earlier version of the Code of Judicial Conduct did contain language discussing bias as a reason for disqualification, but that language was deleted by modifications made to the Code in 1987. See discussion in *Kemp v. State,* 846 S.W.2d 289, 305 (Tex.Crim.App. 1992).

3. Impartiality and bias are, of course, also proper grounds for recusal under TEX R. CIV. P.

18b(2)(a), (b). The procedures for recusal and disqualification found in the civil rules are applicable to criminal cases. *DeBlanc v. State,* 799 S.W.2d 701, 705 (Tex.Crim.App.1990).

4. The opinion in *McClenan* unfortunately uses the terms "recusal" and "disqualification" interchangeably; thus, the opinion appears to require a recusal hearing. However, the appeal before that court was apparently based solely on a disqualification claim that the trial court declined to submit the issue to a judge assigned to hear the question.

TEX. GOV'T CODE ANN. § 74.059(c)(3) (Vernon Supp.1997).

The State suggests that under civil rule 18a the motion to disqualify was untimely filed, because it was filed less than ten days before the case was set for trial. The motion was filed on September 6, 1996. The case was set for trial on September 16, 1996.[5] The motion was filed ten days before the date set for hearing or trial and is therefore timely.[6] It is apparent that the trial judge should have immediately referred this issue to an appointed judge for hearing and decision. *Kemp*, 846 S.W.2d at 305.

The remaining question is whether this error requires reversal or abatement for such a hearing.

*McClenan* indicates that it does not. In a disqualification case based upon a claim of bias, where the record is complete, the case may be adequately reviewed on appeal to see whether the trial court was so biased against the defendant as to affect his right to due process. 661 S.W.2d at 110–11. We thus address this issue on its merits.

Stafford based his motion to disqualify upon a series of acts taken by the court during the proceedings. He first complained because the trial court refused to appoint a psychiatrist to examine him for competency. Any such ruling by the trial court would not "stem from an extrajudicial source," and Stafford's remedy was to assign error on the basis of that adverse ruling. Of course, he was not in a position to do so since he expressly dropped the entire issue of competency. He also complained because the court stated that it would not accept plea bargains in this type of case, because the court refused to hold a hearing on the motion to disqualify, and because the trial judge was a victim in a pending retaliation case.[7] Based upon these allegations, Stafford contends that reversal is required. We disagree.

The question is whether the court's conduct of the case deprived the defendant of due process. We have reviewed the record with this in mind. Although the court's conduct of the trial was not error free, the mere fact of isolated error does not reflect bias toward the defendant that would interfere with his due process rights. We further note that the court is not required to accept plea bargains in relation to any case, whether or not the defendant or the State wish such a bargain to be made. This point of error is overruled.

Stafford next contends that the trial court improperly excluded his proffer of *Brady* testimony as hearsay.[8] *Brady* and its progeny require the State to disclose exculpatory evidence to a defendant. In the complained-of section of the record, Stafford attempted to introduce a document prepared in part by the police officer who booked him at the time of his arrest, and alternatively attempted to elicit testimony from that officer about its contents. The document contained a record of observations made by the officer about Stafford at the time of Stafford's arrest.

5. The docket reflects that the case came before the court on that date and was continued, by request of the defendant, to a later setting. Moreover, an ordinary docket call is neither a hearing nor a trial, as those terms are used in TEX. GOV'T CODE ANN. § 74.053 (Vernon Supp. 1997), and we see no reason to distinguish their meaning under that section from their meaning elsewhere. *See Lee v. Bachus*, 900 S.W.2d 390, 392 (Tex.App.—Texarkana 1995, no writ); *Lowe v. United States Shoe Corp.*, 849 S.W.2d 888, 893 (Tex.App.—Houston [14th Dist.] 1993, writ denied) (Bowers, J., dissenting); *Degen v. General Coatings, Inc.*, 705 S.W.2d 734, 735 (Tex.App.—Houston [14th Dist.] 1986, no writ).

6. The ten-day requirement of Rule 18a is not absolute and does not contemplate the situation in which a party cannot know the basis of the recusal until after a motion for recusal is no longer timely. *See Sun Exploration and Prod. Co. v. Jackson*, 783 S.W.2d 202, 206 (Tex.1989) (Spears, J., concurring); *Keene Corp. v. Rogers*, 863 S.W.2d 168, 171–72 (Tex.App.—Texarkana 1993, no writ); *see also* Sam Sparks, *Judicial Recusal: Rule 18a-Substance or Procedure*, 12 ST. MARY'S L.J. 723 (1981).

7. He also summarized the court's actions taken when Stafford's first counsel was permitted to withdraw and Stafford first asked to proceed pro se, and the requisite admonishments that were then given. The trial court acted correctly in so doing, and we perceive no possibility of bias shown from the facts stated.

8. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The court refused to admit the record and the testimony because it was not relevant and because it was hearsay, and also stated that the document was not admissible as a business record because Stafford had not laid a proper predicate for its admission.

■ The document itself was hearsay because it consisted of a written statement made out of court and offered into evidence to prove the matters asserted within the statement. In this case, however, several exceptions either clearly or potentially would permit the document to be admitted.

The first question is whether the document was relevant. Relevant evidence means evidence having the tendency to make the existence of a fact that is of consequence to the action more probable or less probable. TEX. R.CRIM. EVID. 401. The document contains a notation made by the booking officer stating that Stafford "suffers from paranoid delusions and states he works for the CIA and they will kill him," that he was "talking to himself stating he works for CIA. Rambling conversation. Says he had 1 beer. Appears to be under influence." In reviewing a trial court's determination about whether a particular piece of evidence was relevant, we look to see whether the trial court abused its discretion in determining its admissibility. *Stone v. State,* 574 S.W.2d 85, 89 (Tex.Crim. App. [Panel Op.] 1978). Thus, we will uphold the trial court's ruling on appeal absent an abuse of discretion. That is to say, as long as the trial court's ruling was within the zone of reasonable disagreement, we will not intercede. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990).

■ In this case, the portion of the document that the officer filled out personally stated that Stafford claimed that the CIA was out to get him. Although this may reflect a certain level of paranoia, it does not have any likelihood to prove whether or not Stafford threatened to kill Officer Paradis. Thus, the court's determination that it was not relevant is within the zone of reasonable disagreement. This point of error is overruled.

The judgment of the trial court is affirmed.

GRANT, Justice, dissenting.

To hold that a hearing and ruling by another judge on a motion to recuse is subject to the harmless error rule on appeal renders the rule and the statute meaningless. If there is harmful error in the case, then the case will be reversed anyway, whether an assigned judge heard the motion to recuse or not. Therefore, why should the trial judge who is asked to recuse ever ask a presiding judge to assign a visiting judge to hear the motion for recusal?

I dissent because I believe that the rule requiring the assignment of another judge to hear a recusal motion is mandatory. The legislative history of this statute reflects that the Legislature did not intend for this provision to be optional with the judge. The Interim Report of the Judiciary Committee of the House of Representatives, 65th Legislature, is quoted by the Texas Supreme Court in *McLeod v. Harris*[9] and by the dissent in *McClenan v. State.*[10] The report said,

> It is probably asking too much of judicial impartiality to expect a judge to rule objectively on a motion that he disqualify himself from a case for cause if he has not already recused himself voluntarily.... A judge should not be placed in the position or be given the opportunity to rule in such cases.

The Texas Supreme Court in *McLeod*[11] found that the duty to have an assigned judge hear any motion to recuse is mandatory and found that a mandamus would issue for the failure to comply with this statute. This Court recently held in *Ross v. State*[12] that such a proceeding is mandatory and abated the case for a hearing on the motion to recuse.

**9.** 582 S.W.2d 772 (Tex.1979).

**10.** 661 S.W.2d 108, 109 (Tex.Crim.App.1983).

**11.** 582 S.W.2d 772.

**12.** 947 S.W.2d 672 (Tex.App.—Texarkana, 1997) (order of abatement).

The requirement that the assignment of a judge to hear a recusal motion is, however, statutory and applies to both civil and criminal cases.[13] I recognize the Court of Criminal Appeals' holding in *McClenan*[14] provides for the harm analysis in this situation, but I urge a reconsideration of the majority view in that case. In the present case, Stafford has contended that the trial judge was biased because that judge had been the victim in a pending retaliation case. Victims are often disqualified from jury service if that experience would affect their consideration of the case. Stafford was entitled to a hearing before an assigned judge on that issue.

I dissent because I believe this matter should be returned to the trial court for a hearing on the motion to recuse.

13. Tᴇx. Gᴏv'ᴛ Cᴏᴅᴇ Aɴɴ. § 74.059(3) (Vernon Supp.1997)

