TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00172-CR







Patrick Mullins, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0964804, HONORABLE JON N. WISSER, JUDGE PRESIDING







 A jury convicted Patrick Lee Mullins of retaliation against a public servant and assessed
sentence at ten years in prison and a $10,000 fine. (1) This sentence will run consecutively to a previously
imposed ten-year sentence for sexual assault.

 Mullins challenges the legal and factual sufficiency of the evidence to support his conviction
for retaliation. We will affirm the judgment.

 To establish retaliation, the State had to prove that Mullins intentionally or knowingly
harmed or threatened to harm another by an unlawful act in retaliation for or on account of the service or
status of the other person as a public servant. Tex. Penal Code Ann. § 36.06(a)(1)(A) (West Supp.
1998). The dispute in this appeal centers on whether Mullins acted in retaliation for or on account of
Officer Vanessa Davis's status as a public servant.

 The standards for review of the sufficiency of evidence are well established. In determining
the legal sufficiency of the evidence to support a conviction, we view all the evidence most favorably to the
verdict and decide whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). In determining
factual sufficiency, we consider all the testimony and evidence without construing it favorably to either party
and can set aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 Mullins was an unhappy prisoner. He had injured himself while trying to escape custody
after being arrested for suspicion of stealing from a vending machine, having traffic warrants, and possessing
marihuana. He fled from police in the parking garage of the central booking facility, jumped over a retaining
wall, and fell three stories. His resulting spinal injury caused partial paralysis. He was in a wheelchair
during his incarceration in Travis County jail. He could not walk or control his bowels. As a result, he had
to rely on jail staff for assistance.

 Frustrated with his situation and with perceived mistreatment by the jail staff, Mullins was
verbally and, on the occasion prompting the assault charges, physically abusive. Mullins testified that he
lost his patience and is "not a nice guy to be around when things aren't really going my way when I got like
medical needs that need to be taken care of." On the day of the retaliation incident, Mullins was
particularly frustrated because he had developed a painful urinary tract infection after being taken off of
antibiotics; the infection caused his catheter to plug, creating more problems. He was also frustrated
because he had received no redress for a number of grievances he had filed regarding his treatment while
incarcerated; he had lodged some of the grievances against Officer Davis. He said he was generally angry
and, though that anger was not directed at anyone in particular, he vented his anger on whoever was
around. He testified he would yell "[p]rofanities, telling them they don't know what they're doing, that
they're not--that they're punks. Just any derogatory comment that would come to mind, I would say it." 
He said he just wanted some help with the way "things were going."

 Davis, who was assigned to care for Mullins, caught the brunt of his insults more than once. 
Davis testified that Mullins regularly put his urine bag under the door and stomped on it to spray his urine
on whoever was outside his cell during his shift. She testified that as she replaced Officer Clue, an African-American female, at the shift change on the day of the incident Mullins said, "'See you nigger.''Look, a
Dike replacing a nigger.' You know, started calling me 'Butch.' You know, 'Come on in here, I'll wipe
that smile off your face,' and things like that." Davis testified that these comments were said aggressively
and not in a joking manner. The insults culminated with Mullins saying, "Bitch, I'm going to fucking kill you. 
I know where you work."

 Mullins denied, however, that he directed the threat at Davis. He testified that he merely
yelled it out along with a series of other insults because of his frustration. He testified during cross-examination, "you probably would have been [yelling insults], too, if you were crawling on the floor with
poop in your pants." Mullins said that Davis merely interpreted that the threat was made to her personally.

 Another officer testified that he never had problems with Mullins. He also testified that he
had never seen or heard of other officers treating Mullins badly.

 Mullins contends that the evidence fails to show his remarks were retributive because,
though he made the threat while Davis was a public servant, he did not make it "in retaliation for or on
account of" her public service. He relies on two cases. The El Paso Court of Appeals reversed the
retaliation conviction of a juvenile who assaulted a supervisor who was attempting to break up a fight
involving the defendant and another juvenile. See In re M.M.R., 932 S.W.2d 112 (Tex. App.--El Paso
1996, no pet.). The court held that the juvenile merely assaulted the officer in order to continue his fight,
not because the officer was a public servant. Id. Similarly, another court of appeals reversed the retaliation
conviction for an inmate who assaulted a prison guard who attempted to stop him from walking down a hall
and to force him to return to a guard seated at a control desk. Riley v. State, No. 01-96-00369-CR, slip
op. at 3-4, 1997 WL 623829 at *2 (Tex. App.--Houston [1st Dist.] October 2, 1997, no pet. h.)
(adopting reasoning of M.M.R.). The court held that the evidence was legally insufficient to support the
conviction because the State failed to show that the assault was in retaliation for duties already performed. 
Id. 

 Mullins prefers the reasoning of M.M.R. and Riley to that found in other cases. See
Stafford v. State, 948 S.W.2d 921, 924 (Tex. App.--Texarkana 1997, pet. ref'd); McCoy v. State, 932
S.W.2d 720, 724 (Tex. App.--Fort Worth 1996, no pet.). In McCoy, the Fort Worth court affirmed the
retaliation conviction of a man who struck a police officer who was attempting to arrest him. Id. The facts
of McCoy are very similar to those in Riley, but the Fort Worth court chose not to read into the statute a
requirement that the defendant's action be in response to duties "already performed" by the public servant. 
In Stafford, the Texarkana court affirmed the retaliation conviction of a man who threatened a police
officer while being arrested and transported to jail. Stafford, 948 S.W.2d at 924. The defendant told the
officer:


[I'm] going to kill you before you can get me. And while I'm at it, I'm going to kill your
wife, I'm going to kill your kids, I'm going to kill your chief. We already have people lined
up to take out the city council. And while I'm at it, I'm going to kill all Jews and niggers in
the City of Longview. . . . I'll calm down once I've killed you. 



Id. at 923. The court held this evidence legally sufficient to support the finding of retaliation.

 We need not choose between these lines of cases because we conclude that the evidence
is legally and factually sufficient to support the conviction under either interpretation. Mullins had filed a
series of grievances against Davis and had received no redress. He was growing increasingly frustrated
with perceived deficiencies in the staff's care of him. There was no evidence of any contemporary
precipitating event by Davis (such as physical restraint or refusal to perform a duty). The evidence satisfies
the Houston court's requirement that the defendant's action be in retaliation for duties already performed
rather than in reaction to an occurring event; the State's case is obviously even stronger if it does not have
to meet the "already performed" requirement. We conclude that a rational trier of fact could have found
the elements of retaliation. We also conclude that such a verdict was not against the overwhelming weight
of the evidence. We overrule both points of error.

 We affirm the conviction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: July 16, 1998

Do Not Publish
1. At the same trial, Mullins was convicted of three counts of assaulting a peace officer. For each count,
the jury assessed sentence at ten years in prison and a $10,000 fine. Because these sentences were
apparently assessed to be served concurrently with the retaliation conviction, we are uncertain that a
reversal of the retaliation conviction would have any real effect. However, because Mullins may have some
interest in having this particular conviction reversed, we will address the merits of his appeal.



o break up a fight
involving the defendant and another juvenile. See In re M.M.R., 932 S.W.2d 112 (Tex. App.--El Paso
1996, no pet.). The court held that the juvenile merely assaulted the officer in order to continue his fight,
not because the officer was a public servant. Id. Similarly, another court of appeals reversed the retaliation
conviction for an inmate who assaulted a prison guard who attempted to stop him from walking down a hall
and to force him to return to a guard seated at a control desk. Riley v. State, No. 01-96-00369-CR, slip
op. at 3-4, 1997 WL 623829 at *2 (Tex. App.--Houston [1st Dist.] October 2, 1997, no pet. h.)
(adopting reasoning of M.M.R.). The court held that the evidence was legally insufficient to support the
conviction because the State failed to show that the assault was in retaliation for duties already performed. 
Id. 

 Mullins prefers the reasoning of M.M.R. and Riley to that found in other cases. See
Stafford v. State, 948 S.W.2d 921, 924 (Tex. App.--Texarkana 1997, pet. ref'd); McCoy v. State, 932
S.W.2d 720, 724 (Tex. App.--Fort Worth 1996, no pet.). In McCoy, the Fort Worth court affirmed the
retaliation conviction of a man who struck a police officer who was attempting to arrest him. Id. The facts
of McCoy are very similar to those in Riley, but the Fort Worth court chose not to read into the statute a
requirement that the defendant's action be in response to duties "already performed" by the public servant. 
In Stafford, the Texarkana court affirmed the retaliation conviction of a man who threatened a police
officer while being arrested and transported to jail. Stafford, 948 S.W.2d at 924. The defendant told the
officer:


[I'm] going to kill you before you can get me. And while I'm at it, I'm going to kill your
wife, I'm going to kill your kids, I'm going to kill your chief. We already have people lined
up to take out the city council. And while I'm at it, I'm going to kill all Jews and niggers in
the City of Longview. . . . I'll calm down once I've killed you. 



Id. at 923. The court held this evidence legally sufficient to support the finding of retaliation.

 We need not choose between these lines of cases because we conclude that the evidence
is legally and factually sufficient to support the conviction under either interpretation. Mullins had filed a
series of grie