In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00150-CR


______________________________




JOHN DONALD GRAVES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 20026




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 John Donald Graves appeals from his conviction by a jury of aggravated kidnapping. The
jury found two enhancement paragraphs true and assessed his punishment at life imprisonment.

 Graves contends on appeal that the trial court erred by admitting testimony from several
different witnesses over his hearsay objection and his objections based on Article 38.22, and that
these errors require reversal for a new trial. See Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon
1979 & Supp. 2003).

 The evidence shows that Graves, who is described as having paranoid tendencies, took his
live-in girlfriend, Teresa Burrhus, at knifepoint with him on a mission to blow up his sister and
brother-in-law because Graves thought they were conspiring against him. He told her he had a bomb
in the pickup truck. When they reached Greenville, they ran short of gasoline and stopped at a
gasoline station. When Graves went inside to pay, Burrhus took a spare set of keys and drove to a
nearby convenience store, where she hid in the bathroom and asked the workers to call the police. 
They did, and Graves was arrested. A bomb squad defused the device. 

 Graves contends in a joint argument that testimony by four individuals, three police officers
and a store clerk, about what they were told by Burrhus was hearsay and therefore improperly
admitted. The State argues the testimony was admissible as excited utterances. See Tex. R. Evid.
803(2). The admission of evidence is reviewed only for an abuse of discretion. Salazar v. State, 38
S.W.3d 141, 153 (Tex. Crim. App. 2001). The trial court's decision will be affirmed if it is within
"the zone of reasonable disagreement." Id.

 An excited utterance is defined as "[a] statement relating to a startling event or condition
made while the declarant was under the stress of excitement caused by the event or condition." Tex. 
R. Evid. 803(2). To apply, (1) the statement must be a product of a startling occurrence that
produces a state of nervous excitement in the declarant and renders the utterance spontaneous and
unreflecting, (2) the state of excitement must still so dominate the declarant's mind that there is no
time or opportunity to contrive or misrepresent, and (3) the statement must relate to the
circumstances of the occurrence preceding it. Sellers v. State, 588 S.W.2d 915, 918 (Tex. Crim.
App. [Panel Op.] 1979). 

 We do not examine each requirement independently, but focus instead on whether their
combined effect shows the statement to be sufficiently reliable. Id. In discussing the application of
this exception, the Texas Court of Criminal Appeals recently reiterated that:

 It is not dispositive that the statement is an answer to a question or that it was
separated by a period of time from the startling event; these are simply factors to
consider in determining whether the statement is admissible under the excited
utterance hearsay exception. The critical determination is "whether the declarant was
still dominated by the emotions, excitement, fear, or pain of the event" or condition
at the time of the statement.


Salazar, 38 S.W.3d at 154 (citations omitted); Glover v. State, 102 S.W.3d 754, 763 (Tex.
App.-Texarkana 2002, pet. ref'd).

 Officer Michael Johnston, the first to arrive at the convenience store, testified that Burrhus
was so scared she was incoherent and that it took him fifteen to twenty minutes to calm her down
sufficiently to find out what was wrong. The convenience store clerk testified Burrhus was terrified
and had attempted to barricade herself inside the women's restroom before the clerk convinced
Burrhus to go to the store office. Officer Billy Joe Rasco testified Burrhus was very upset and
scared, and Officer Kelley Baker Warren, apparently the last to arrive, testified Burrhus was upset
and distraught when Warren talked to her. All four testified, generally, that Burrhus had told them
of the events recounted above. Burrhus also testified to the same events. 

 The amount of time that elapsed is unclear. Johnson, the clerk, and Rasco appeared to have
talked to Burrhus within a very short time after she escaped, sometime in the neighborhood of 7:00
p.m. Warren evidently talked to her somewhat later, but on that same afternoon. Each of them
testified about her extreme fear and described the bare bones of her assertions that she had been
kidnapped at knifepoint, and that Graves had a bomb and was heading to kill his sister and brother-in-law. Burrhus testified about the details of the incident as described by the other witnesses, along
with testimony that at one point he had stopped the vehicle and leaned over her with the knife, and
that she thought she was alive only because a child on a four-wheeler had driven by their parked
vehicle.

 Under these circumstances, and considering the obvious extreme impact on the declarant of
being kidnapped and driven at knifepoint by a person with a homemade bomb to a prospective
bombing of his own relatives, we cannot find in this situation the trial court abused its discretion by
determining the testimony was admissible. The contentions of error are overruled.

 Graves also contends the trial court erred by admitting an oral statement made by the
defendant after he was taken into custody, but before being read his Miranda rights. (1) He contends 
this is a violation of Tex. Code Crim. Proc. Ann. art. 38.22, §§ 3, 5 (Supp. 2003 & Vernon 1979). 
Oral confessions of guilt, or oral admissions against interest, made by a suspect who is in custody,
are not admissible evidence unless made in compliance with the provisions of Article 38.22 of the
Texas Code of Criminal Procedure. Shiflet v. State, 732 S.W.2d 622, 623 (Tex. Crim. App. 1985).

 Unlike many of the cases that discuss this type of situation, in this case there is no doubt 
Graves was in custody. At the time he spoke to the officer, it was several hours after Graves had
been caught in Queen City on his sister's doorstep, and after a bomb squad had defused the bomb. 
Carl Woods, a deputy sheriff for the Cass County Sheriff's Department, testified that a Bureau of
Alcohol, Tobacco, and Firearms agent wanted to talk to Graves and that they went to the jail at
approximately 1:00 a.m. so that he could ask Graves some questions. 

 Woods testified (over objection) that, when they sat down together, and before they could
advise him of his rights, Graves said, "You don't understand. You can arrest me, you can put me in
jail, whatever you want to do. When I get out, I'm going to kill all of them." 

 Because Graves had been taken into custody, no custodial interrogation could occur until he
was read his Miranda rights. However, "Interrogation" under Miranda refers to express questioning
that the police should know is reasonably likely to elicit an incriminating response from the suspect. 
Rhode Island v. Innis, 446 U.S. 291, 301-02 (1980); Castleberry v. State, 100 S.W.3d 400 (Tex.
App.-San Antonio 2002, no pet.). The testimony reflects the statement was not a result of a question
asked by the police. Accordingly, that rationale does not prevent Graves' statement from being
admitted into evidence.

 Similarly, Article 38.22, Section 3 is directed at the question of the admissibility of an oral
statement made as a result of custodial interrogation. The only evidence presented to the court was
that this statement was volunteered and therefore not the result of questioning by police. The statute
does not apply on its face. No error has been shown.

 We affirm the judgment.

 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 4, 2003

Date Decided: September 5, 2003


Do Not Publish
1. Miranda v. Arizona, 384 U.S. 436 (1966). 



of [a]
controlled substance. You were dealing drugs and you got to taking things from
people that didn't belong to you. Then you come along now -- you got a hell of a
deal. 


 . . . .


 You've been out of prison for three years and they let you go on probation. Didn't
you realize how -- how -- what a good deal you made? Did you? 


 . . . .


 You shouldn't have got probation. Let's be honest. And -- and I'm saying that, I don't
even know who signed this thing or who put you on probation, but that was the best
deal you could ever have. That's a better deal than I've ever seen. Do you
understand? 

 The parties have a right to a fair trial. Dockstader v. State, 233 S.W.3d 98, 108 (Tex.
App.--Houston [14th Dist.] 2007, pet. ref'd); Markowitz v. Markowitz, 118 S.W.3d 82, 86 (Tex.
App.--Houston [14th Dist.] 2003, pet. denied). One of the most fundamental components of a fair
trial is a neutral and detached judge. Dockstader, 233 S.W.3d at 108; Markowitz, 118 S.W.3d at 86. 
A judge should not act as an advocate or adversary for any party. Dockstader, 233 S.W.3d at 108. 
To reverse a judgment on the ground of improper conduct or comments of the judge, we must find
from a review of the entire record (1) that judicial impropriety was in fact committed, and
(2) probable prejudice to the complaining party. Id. Judicial remarks critical or disapproving of, or
even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality
challenge. Id. Such remarks may constitute bias if they reveal an opinion deriving from an
extrajudicial source; however, when no extrajudicial source is alleged, such remarks will constitute
bias only if they reveal such a high degree of favoritism or antagonism as to make fair judgment
impossible. Id.

 We conclude that the record does not show that the trial court predetermined Brown's
sentence in this case, nor does the record show bias or partiality on the part of the trial court. (3) Brown
had been out of prison less than three years before entering a plea agreement for deferred
adjudication for the offenses of unauthorized use of a vehicle and burglary of a building in July 2007. 
He then failed to meet the requirements of his community supervision and was back before the court
in December 2007 on the State's motion to revoke. Annoyance or disgust with a defendant's
continued criminal behavior despite having more than one opportunity to change his ways--does
not reflect bias. The highest punishment range for this offense is ninety-nine years in prison, and the
trial court sentenced Brown to thirty-five years, near the lower range of punishment. 

 We find no error. Brown's due-process rights were not violated, and we overrule his points
of error.

 We affirm the trial court's judgment.


 Bailey C. Moseley

 Justice


Date Submitted: August 29, 2008

Date Decided: September 15, 2008


Do Not Publish
1. This case has been transferred to this Court as part of the Texas Supreme Court's docket
equalization program.
2. Brown's adjudication proceeding was heard before a different judge than the judge who
placed him on deferred community supervision.
3. Counsel directs our attention to our opinion in Stafford v. State, 948 S.W.2d 921 (Tex.
App.--Texarkana 1997, pet. ref'd). That opinion addresses a disqualification/recusal scenario, and
is not relevant to this analysis.